661 F.2d 279
 1981-2 Trade Cases 64,327
 UNITED STATES of America, Appellant,
v.
RMI COMPANY; Crucible, Inc.; Lawrence Aviation Industries,
Inc.; Martin Marietta Aluminum, Inc.; and Titanium
Metals Corporation of America, Appellees.
 No. 80-2757.
 United States Court of Appeals,
Third Circuit.
 Argued July 13, 1981.
Decided Oct. 13, 1981.
 
 Richard J. Favretto, Deputy Asst. Atty. Gen., John J. Powers, III, James H. Laskey (argued), Attys. Dept. of Justice, Washington, D. C., for appellant.
 Jack Lipson (argued), Thomas J. McGrew, Arnold & Porter, Washington, D. C., James K. O'Malley, Livingston, Miller, O'Malley & Clark, Pittsburgh, Pa., for appellees; James D. Simpson, Vice President and Gen. Counsel, Martin Marietta Corp., Bethesda, Md., of counsel.
 Before SEITZ, Chief Judge, and VAN DUSEN and HIGGINBOTHAM, Circuit Judges.
 OPINION OF THE COURT
 A. LEON HIGGINBOTHAM, Jr., Circuit Judge.
 
 
 1
 This alleged price fixing case, involving five titanium metal products, comes to us on appeal from an interlocutory order of the district court granting partial summary judgment in favor of Martin Marietta Aluminum, Inc., as to three of the products and three years of the alleged conspiracy. The Government asserts that we have appellate jurisdiction under 28 U.S.C. § 1292(a)(1) because the partial summary judgment has the effect of denying the Government the injunctive relief it requested in its complaint against Martin Marietta Aluminum, Inc., one of the defendants.[1] We conclude that we do not have appellate jurisdiction to review the merits of the district court's summary judgment order, because the district court's order is not final and denying review will not result in irreparable harm to the Government, nor will the court's order be lost for review when the entire case is concluded.[2] We will, therefore, order the appeal dismissed without prejudice to the Government's right to file an appeal contesting the summary judgment when the district court enters a final order disposing of the entire case.
 
 I.
 
 2
 On September 28, 1978, the Government filed a civil complaint seeking permanent injunctive relief against five corporations which had allegedly conspired to fix the prices of five specified titanium mill products.[3] These products are defined in the complaint as titanium plate, sheet, strip, billet and bar.[4] The Government claimed that the price fixing scheme had begun in 1970 and terminated sometime in 1976. Either before or during the trial, all of the corporations except Martin Marietta entered into a consent decree which was approved by the district court on July 29, 1980. The consent decree of the other defendants involves all five titanium products and the entire period of the alleged conspiracy. A companion criminal indictment as to all five products was also filed in September of 1978 which resulted in pleas of nolo contendere to the original indictment by all of the defendants except Martin Marietta. A negotiated plea agreement was agreed to by Martin Marietta whereby it pleaded nolo contendere to a felony information charging it with conspiring to fix prices on only two of the products, titanium bar and billet, from December 1973 until 1976.
 
 
 3
 The civil action proceeded against Martin Marietta and on April 9, 1980, it filed a motion for partial summary judgment. The basis of the motion was that Martin Marietta was not a producer of titanium plate, sheet or strip. Furthermore, it argued that the Government had failed to allege any facts pertaining to Martin Marietta's involvement in any conspiracy prior to 1973. In its memorandum in support of its motion for partial summary judgment, Martin Marietta stated:
 
 
 4
 In an effort to dispose of this civil case, therefore, (Martin Marietta Aluminum) has offered to consent to a decree which parallels the same charges of (the criminal) Information as to the products and time period involved (i. e., bar and billet, beginning in December 1973), and which would include all the other provisions contained in the proposed (civil) consent decrees with the other defendants to which the government has already agreed, and which are now before this Court for approval.
 
 
 5
 App. at 93. The Government apparently rejected this offer.
 
 
 6
 After conducting a hearing on the motion, the district court granted partial summary judgment insofar as the complaint "alleges violations related (1) to titanium plate, sheet and strip, and (2) to activities occurring prior to December 1973." Unpublished Judgment Order of the District Court dated August 19, 1980; App. at 354. Thus, the district court's order did not dispose of the Government's complaint insofar as it alleges the price fixing of titanium billet and bars from December 1973 until 1976.
 
 II.
 
 7
 The Supreme Court has long cautioned against adopting a standard of appealability under § 1292(a)(1) that would undermine the congressional policy against piecemeal appeals.[5] See Carson v. American Brands, Inc., 450 U.S. 79, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981); Switzerland Cheese Association, Inc. v. E. Horne's Market, Inc., 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966); Baltimore Contractors, Inc. v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233 (1955). We must "approach this statute somewhat gingerly lest a floodgate be opened that brings into the exception many pretrial orders." Switzerland Cheese Association, Inc., 385 U.S. at 24, 87 S.Ct. at 194.[6] However, to avoid the harshness of the final order rule certain exceptions, one of which is embodied in § 1292(a)(1), have been grafted onto the rule. Carson, 101 S.Ct. at 996; Gardner v. Westinghouse Broadcasting Co., 437 U.S. 478, 98 S.Ct. 2451, 57 L.Ed.2d 364 (1978).
 
 
 8
 Recently the Supreme Court in Carson elucidated the scope of the § 1292(a)(1) exception as follows:
 
 
 9
 For an interlocutory order to be immediately appealable under § 1292(a)(1), however, a litigant must show more than that the order has the practical effect of refusing an injunction. Because § 1292(a)(1) was intended to carve out only a limited exception to the final judgment rule, we have construed the statute narrowly to ensure that appeal as of right under § 1292(a)(1) will be available only in circumstances where an appeal will further the statutory purpose of "permit(ting) litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence." Baltimore Contractors, Inc. v. Bodinger, supra, 348 U.S., at 181, 75 S.Ct., at 252. Unless a litigant can show that an interlocutory order of the District Court might have "serious, perhaps irreparable, consequence," and that the order can be "effectually challenged" only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal.
 
 
 10
 101 S.Ct. at 996. Accordingly, our court has held that "each appeal raising the issue (of interlocutory appealability) may be decided only after a case-by-case analysis ...." Plantamura v. Cipolla, 617 F.2d 344, 346 (3d Cir. 1980).
 
 
 11
 The Government contends that the order granting partial summary judgment in this case is appealable because it denies the Government the opportunity to get an injunction as to titanium sheet, plate and strip over the entire period of the conspiracy and titanium billet and bar prior to 1973. Their main brief and reply brief do not address the issue in the context of the two-step analysis required by Carson. It is clear to us that under Carson this order fails to meet either criterion for an appealable interlocutory order.
 
 
 12
 After carefully examining the record in this case, we can find no basis for saying that a refusal to review the partial summary judgment order at this stage "might have 'serious, perhaps irreparable, consequence.' " The conspiracy ended in 1976 and the Government does not allege any continuing harm that will result from a delay of appellate review until after the entire case has been concluded. Likewise, there is nothing inherent in the district court's order which will escape review if the order is not immediately appealable. We have, therefore, concluded that the Government's appeal is premature and we decline to reach the merits of the district court's grant of a partial summary judgment in favor of Martin Marietta Aluminum, Inc.[7]
 
 III.
 
 13
 For the foregoing reasons we will enter an order dismissing this appeal for lack of appellate jurisdiction and remand the case to the district court for trial or settlement of the remaining issues.
 
 
 
 [1]
 We note that F.R.Civ.P. 54(b) provides:
 When more than one claim for relief is presented in an action, ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 No order directing the entry of a final judgment of the type contemplated by the above language has been sought from, or entered by, the district court.
 
 
 [2]
 The Government also seeks appellate review of the district court's denial of the Government's motion to amend its complaint. The appealability of such an order must rest, (if indeed it could ever be appealable), on the Government's argument regarding the appealability of the summary judgment order. Since we have concluded that there is no appealable order as to the summary judgment order, we will also dismiss the Government's appeal from the denial of their motion to amend the complaint
 
 
 [3]
 The other four corporations named in the Government's complaint are RMI Company; Crucible, Inc.; Lawrence Aviation Industries, Inc.; and Titanium Metals Corporation of America. The Government did not seek preliminary injunctive relief against any of the defendants
 
 
 [4]
 There are at least six other titanium mill products, such as bloom, forging stock, wire, pipe, tube and extrusions, which were not the subject of the alleged price fixing scheme
 
 
 [5]
 Section 1292(a)(1) provides that:
 (a) The courts of appeals shall have jurisdiction of appeals from:
 (1) Interlocutory orders of the district courts of the United States * * * or of judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court.
 
 
 [6]
 In Switzerland Cheese Association, the Supreme Court affirmed a decision by the Court of Appeals for the First Circuit which held that a district court order denying a motion for summary judgment was not "interlocutory" within the meaning of § 1292(a)(1). The petitioner's complaint had sought a preliminary injunction during the pendency of the action, a permanent injunction and damages. Their motion for summary judgment on the permanent injunction and damages issues was denied because there was a genuine issue of material fact. They appealed this decision and had their appeal dismissed for want of appellate jurisdiction
 
 
 [7]
 Unlike a private litigant complaining that it has suffered direct economic loss, the Government is not seeking compensatory damages for the past actions of Martin Marietta. Its primary request is that the defendants "be permanently enjoined from continuing, maintaining or renewing the aforesaid combination and conspiracy or from engaging in any other combination conspiracy agreement or understanding having a similar purpose or effect." Complaint, Prayer No. 3; App. at 9-10. It is difficult to understand the Government's theory of appealability or its suggestion that it has sustained irreparable harm by the grant of the partial summary judgment. If the Government prevails on the antitrust violation as to titanium billet and bars, certainly a district judge, in his or her discretion, could grant relief as to those products which Martin Marietta manufactured. If the Government seeks a decree which goes beyond the products which Martin Marietta manufactured, there still is ample precedent that under appropriate circumstances the court's decree can be broader than the "narrow limits of the proven violation." United States v. U. S. Gypsum Co., 340 U.S. 76, 90, 71 S.Ct. 160, 170, 95 L.Ed. 89 (1950). Thus, in theory it would be possible prior to the ultimate final judgment for the Government to prevail in obtaining the breadth of the injunction it seeks