

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-22-2009

# Kelley Cooley v. Mark DiVecchio

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3325

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Kelley Cooley v. Mark DiVecchio" (2009). *2009 Decisions*. Paper 1997.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1997

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-67                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3325
_____

KELLEY TROY COOLEY,
                                        Appellant

v.

COUNTY EXECUTIVE MARK DIVECCHIO;
ERIE COUNTY, PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 06-cv-00178)
District Judge:  Honorable Maurice B. Cohill

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 24, 2008
Before: SLOVITER, FUENTES and JORDAN, Circuit Judges

(Opinion filed : January 22, 2009)
_____

OPINION
_____

PER CURIAM

    Kelley Troy Cooley, a federal prisoner, filed an action under 42 U.S.C. § 1983

against Defendants Erie County, Pennsylvania ("Erie County"), and Erie County

Executive Mark DiVecchio ("DiVecchio").  Cooley alleged that Defendants created a

policy which imposed excessive bail upon him in violation of his Eighth Amendment rights. He further claimed that the alleged excessive bail policy constituted "racial profiling against blacks in Erie County," which the District Court construed as an equal protection claim under the Fourteenth Amendment.

On November 7, 2007, Cooley moved for summary judgment and/or declaratory judgment, claiming that Defendants failed to defend against the action. He then filed a combined motion for injunctive relief and motion for summary judgment on January 4, 2008. Erie County filed a motion to dismiss the case, and DiVecchio moved for summary judgment.

On July 15, 2008, the District Court entered a memorandum order adopting the April 18, 2008 Report and Recommendation of the magistrate judge assigned to pre-trial matters in the case. The Order granted DiVecchio's motion for summary judgment and denied both Cooley's first motion for summary judgment and/or declaratory judgment and Erie County's motion to dismiss. The following day, the District Court entered a second memorandum order adopting the March 5, 2008 Report and Recommendation of the magistrate judge denying Cooley's motion for injunctive relief and motion for summary judgment. Cooley appealed the rulings. The case remains pending in the District Court and the parties are proceeding with discovery.

II.

For reasons set forth below, we do not have appellate jurisdiction to review the

2

District Court's July 15, 2008 Order. We also do not have jurisdiction to review the District Court's July 16, 2008 Order to the extent that it denied Cooley's motion for summary judgment. We will review, however, the July 16, 2008 Order to the extent that it denied Cooley's motion for injunctive relief, as we have jurisdiction to do so pursuant to 28 U.S.C. § 1292(b). We review a district court's ruling on a preliminary injunction only to determine if there has been (1) an abuse of discretion; (2) an error of law; or (3) a clear mistake of fact. Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 198 (3d Cir. 1990).

A.    July 15, 2008 Order and July 16, 2008 Order Denying Cooley's Motions for Summary Judgment

We lack jurisdiction at this time to review the District Court's July 15, 2008 Order as well as the July 16, 2008 Order to the extent that it denied Cooley's second summary judgment motion. An order entered by a District Court deciding fewer than all of the claims, or determining the rights and liabilities of fewer than all of the parties, is not immediately appealable unless the District Court directed entry of a final judgment pursuant to Fed. R. Civ. P. 54(b). See Hill v. City of Scranton, 411 F.3d 118, 124 (3d Cir. 2005). Neither District Court order dismissed all of the claims as to all of the parties. Moreover, the District Court did not direct entry of judgment under Rule 54(b). Accordingly, appellate review of these Orders is not available at this time.

B.    July 16, 2008 Order Denying Cooley's Motion for Injunctive Relief

The final judgment rule embodied in 28 U.S.C. § 1291 ensures that ordinarily a

3

party may appeal only from a final judgment of the district court. However, a limited exception exists under 28 U.S.C. § 1292(a)(1), one which permits appeals to be taken from interlocutory orders of the district courts of the United States "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." See United States v. Wade, 713 F.2d 49, 52 (3d Cir. 1983). For an interlocutory order to be immediately appealable, a litigant may show that "the district court's order has the practical effect of refusing an injunction." Wade, 713 F.2d at 53.

Cooley, in his motion for injunctive relief, argued that he was entitled to release on bail while he appealed his state court conviction. After the trial court denied his petition for bail, he appealed the determination to the Superior Court of Pennsylvania. Cooley claimed in his motion that he would suffer "irreparable harm" if the District Court did not either issue an injunction that ordered his immediate release on bail pending his appeal or direct the state appellate courts to rule on his pending application for bail. After holding a hearing on the issue, the magistrate judge denied Cooley's motion. The District Court adopted the magistrate judge's report and recommendation and later denied reconsideration.

Based upon our review of the state court docket, which is public, it appears that both the Superior Court of Pennsylvania and the Supreme Court of Pennsylvania have now ruled on Cooley's petition for bail release. The Superior Court affirmed the trial court's decision denying bail on October 4, 2007 and the Pennsylvania Supreme Court

4

denied review of Cooley's Petition for Review on August 21, 2008. We may "take judicial notice of facts that are 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.'" Oran v. Stafford, 226 F.3d 275, 289 (3d Cir. 2000) (quoting Fed. R. Evid. 201(b)(2)). Because the state appellate courts have already ruled on Cooley's petition for bail, his request that the District Court direct the state courts to do so is moot.

Moreover, it would have been inappropriate for the District Court to interfere in Cooley's state court criminal proceedings, or grant him bail pending appeal, pursuant to the abstention theory articulated in Younger v. Harris, 401 U.S. 37, 91 (1971). For the Younger doctrine to apply, state court proceedings must be pending or ongoing, the state proceedings must implicate an important state interest, and the state proceedings must afford an adequate opportunity to raise constitutional issues. See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006); see also Suggs v. Brannon, 804 F.2d 274, 278 (3d Cir. 1986). All three elements were satisfied in this case and the District Court was right to refrain from interfering in the state court action.[1]

For the foregoing reasons, we conclude that the District Court's determination was proper. As there is no substantial question presented by this appeal, we will summarily affirm. See Third Cir. LAR 27.4; I.O.P. 10.6. Petitioner's motion to intervene and

---

[1]To the extent Cooley sought declaratory and/or injunctive relief regarding Erie County bail practice as it applies to others, the District Court properly concluded that Cooley lacked standing to assert the claim.

5

demand for stay are DENIED.