LERMER GERMANY GmbH and
Lermer USA, Inc., Plaintiffs–
Appellants,

v.

LERMER CORPORATION, Willi Lermer
and Rolf Schwyn, Defendants–
Appellees,

and

Rolf Gardey, Defendant.

No. 95–1420.

United States Court of Appeals,
Federal Circuit.

Sept. 5, 1996.

Joseph P. Zammit, Fulbright & Jaworski, L.L.P., New York City, argued for plaintiffs-appellants.

Ronald G. Blum, Kavanagh Peters Powell & Osnato, New York City, argued for defendants-appellees. With him on the brief was Maria A. Patrizio.

Before CLEVENGER, Circuit Judge, NIES,* Senior Circuit Judge, and BRYSON, Circuit Judge.

BRYSON, Circuit Judge.

Lermer Germany GmbH and Lermer USA, Inc., appeal from an order of the United States District Court for the District of New Jersey. Because we conclude that we do not have jurisdiction to review the district court's order, we dismiss the appeal.

## I

Plaintiffs Lermer Germany and Lermer USA, Inc., filed an action against defendants Lermer Corp., Willi Lermer, Rolf Schwyn, and Rolf Gardey alleging, *inter alia*, common-law trademark infringement and patent infringement. The defendants counterclaimed, also alleging common-law trademark infringement. The trademark dispute centers on who owns the common-law right to use the mark "Lermer" in the United States in connection with the manufacture and sale of aircraft galley equipment.

Both sides moved for summary judgment on their respective trademark claims, and the district court denied both motions, concluding that there were genuine issues of material fact that precluded summary judgment. In an opinion accompanying the order, the court noted that "[p]laintiffs and defendants also seek injunctive relief pursuant to Fed. R.Civ.P. 65(d)." Under a heading entitled "Preliminary Injunction," the court denied injunctive relief on the ground that the remaining factual disputes prevented the court from determining which party had a reasonable probability of success on the merits. In the order from which this appeal is taken, the court made no reference to preliminary injunctive relief but simply stated that "both plaintiffs' and defendants' motions for partial summary judgment and for injunctive relief be and hereby are denied."

## II

The final judgment rule embodied in 28 U.S.C. § 1291 ensures that ordinarily a party may appeal only from a final judgment of the district court. Congress has created limited exceptions to the final judgment rule, one of which permits appeals to be taken from interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to modify injunctions." 28 U.S.C. § 1292(a)(1); *see also* 28 U.S.C. § 1292(c)(1).

The final judgment rule prohibits a party from appealing a district court's denial of a motion for summary judgment. *See Gerber Garment Technology, Inc. v. Lectra Sys., Inc.*, 916 F.2d 683, 686, 16 USPQ2d 1436, 1438–39 (Fed.Cir.1990); *Metex Corp. v. ACS Indus., Inc.*, 748 F.2d 150, 153 (3d Cir. 1984). This barrier to appellate review holds even when the party that has sought summary judgment has requested a permanent injunction in its prayer for relief, so that the denial of the motion for summary judgment has the effect of denying, for the time being, a request for an injunction. *Switzerland Cheese Ass'n v. E. Horne's Market, Inc.*, 385 U.S. 23, 24–25, 87 S.Ct. 193, 194–95, 17 L.Ed.2d 23 (1966); *see Woodard v. Sage Prods., Inc.*, 818 F.2d 841, 846–47, 2 USPQ2d 1649, 1653–54 (Fed.Cir.1987) (en banc). In *Switzerland Cheese*, 385 U.S. at 25, 87 S.Ct. at 195, the Supreme Court noted that the denial of a motion for summary judgment because of unresolved issues of fact

> does not settle or even tentatively decide anything about the merits of the claim. It is strictly a pretrial order that decides only one thing—that the case should go to trial. Orders that in no way touch on the merits of the claim but only relate to pretrial procedures are not in our view "interlocutory" within the meaning of § 1292(a)(1). We see no other way to protect the integrity of the congressional policy against piecemeal appeals.

*See Carson v. American Brands, Inc.*, 450 U.S. 79, 84–85, 101 S.Ct. 993, 996–97, 67 L.Ed.2d 59 (1981) (reaffirming rule of *Switzerland Cheese* that denial of a motion for

---

* Senior Circuit Judge Nies died on August 7, 1996. This case was decided by the remaining judges in accordance with Fed. Cir. Rule 47.11.

summary judgment requesting a permanent injunction is not an appealable order under 28 U.S.C. § 1292(a)(1)). Plainly, then, the final judgment rule prevents us from reviewing the district court's denial of the plaintiffs' motion for summary judgment even though the denial of that motion resulted in at least the temporary denial of the plaintiffs' request for a permanent injunction.

The plaintiffs assert, however, that this court has jurisdiction under 28 U.S.C. § 1292(a)(1) because in its opinion (although not in its order) the district court characterized its ruling as denying a preliminary injunction. The defendants respond that the appeal should be dismissed because, despite the district court's apparent belief to the contrary, the plaintiffs did not move for or otherwise request a preliminary injunction.

We conclude that the plaintiffs did not request preliminary injunctive relief in the district court. The plaintiffs' notice of motion states only that they are moving for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Their attached proposed order would have granted them summary judgment and would have permanently enjoined the defendants from using the Lermer mark. The plaintiffs concede that they did not explicitly request a preliminary injunction, and nothing in the record suggests that they took steps that could be construed as a request for preliminary injunctive relief in the event the court denied their motion for summary judgment. We are thus faced with the unusual question of whether a party may appeal a district court's order denying a preliminary injunction request that was never made.

The language of section 1292(a)(1) supports the defendants' argument. The statute requires that the district court's order be one "refusing" an injunction, which denotes the denial of a request. Moreover, there is no reason to grant a right to appellate review of a district court order denying relief that was not sought. Thus, we hold that for this court to have jurisdiction over an appeal from an order denying a preliminary injunction, the district court's order must have been entered in response to a request by the appealing party. *See Wood-*

*ard v. Sage Prods., Inc.,* 818 F.2d at 852 n. 9, 2 USPQ2d at 1657 n. 9.

The plaintiffs argue that even if they did not explicitly request a preliminary injunction, their request for a permanent injunction is sufficient to satisfy the requirements of section 1292(a)(1). We disagree. To the extent that they argue that their request for a permanent injunction is sufficient, standing alone, to invoke this court's appellate jurisdiction, their argument flies directly in the face of the Supreme Court's decision in *Switzerland Cheese.* To the extent that they argue that their request for a permanent injunction should be read to incorporate a request for a preliminary injunction, they have overlooked the differences between a preliminary and a permanent injunction. A permanent injunction issues to a party after winning on the merits and is ordinarily granted upon a finding of trademark infringement. *See* 4 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 30.01, at 30–5 (3d ed. 1994). A preliminary injunction is extraordinary relief that alters the status quo during the course of litigation. It is granted only after the requesting party has shown that it is likely to succeed on the merits, that it will incur irreparable harm in the absence of such relief, and that the balance of the equities and the public interest favor granting the injunction. *S & R Corp. v. Jiffy Lube Int'l, Inc.,* 968 F.2d 371, 374, 23 USPQ2d 1201, 1204 (3d Cir.1992). Because of the exacting standards that a party must meet to obtain a preliminary injunction, it frequently happens that a party is denied a preliminary injunction pending the disposition of the lawsuit but ultimately prevails on the merits and is awarded a permanent injunction as part of the final judgment in the case. The two instruments are distinct forms of equitable relief that have different prerequisites and serve entirely different purposes. We therefore cannot construe the plaintiffs' request for a permanent injunction at the end of the case as necessarily incorporating a request for a preliminary injunction *pendente lite.*

Even if we were to conclude that we had jurisdiction in this case based on the district

court's statement in its opinion that it was denying a preliminary injunction, the plaintiffs would be little better off. Because it cannot be reversible error for a court to deny a motion that was not made, we could not reverse the district court on this record. Thus, the only difference in our treatment of this case, were we to find appellate jurisdiction, would be to substitute "affirmed" for "dismissed" as the disposition. We would not in any event review the district court's denial of the plaintiffs' summary judgment motion, which is the objective the plaintiffs apparently hoped to achieve by taking this appeal.

Costs to appellees.

*DISMISSED.*