

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-6-2004

# 308 Hwy 35 Inc v. Eatontown

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2007

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"308 Hwy 35 Inc v. Eatontown" (2004). *2004 Decisions.* Paper 1016.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1016

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2007

308 HIGHWAY 35, INC., a
New Jersey Corporation,

Appellant

v.

THE BOROUGH OF EATONTOWN

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 02-cv-05161
District Judge: The Honorable Anne E. Thompson

Submitted Under Third Circuit LAR 34.1(a)
January 8, 2004

Before: BARRY, SMITH, <u>Circuit Judges</u>, and POLLAK,[*] <u>District Judge</u>

(Opinion Filed: February 6, 2004)

OPINION

---

[*] The Honorable Louis H. Pollak, District Judge, United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

BARRY, <u>Circuit Judge</u>

Plaintiff 308 Highway 35, Inc., a New Jersey Corporation ("the Corporation"), appeals from the District Court's denial of a motion for partial summary judgment on the issue of liability or, in the alternative, for a preliminary injunction. Because we write only for the parties in this matter, we will dispense with a full recitation of the facts and limit our discussion only to those facts necessary to reach our decision.

On October 23, 2002, the Corporation filed suit pursuant to 42 U.S.C. § 1983 against defendant Borough of Eatontown, in Monmouth County, New Jersey ("the Borough"), in the United States District Court for the District of New Jersey. The complaint alleged that N.J.S.A. 2C:34-6 & -7 and the Borough's Land Use Ordinance, to the extent that they prohibit live entertainment in all zoning districts generally, and live entertainment in the form of nude and semi-nude dancers specifically, violate the First Amendment of the U.S. Constitution. The Borough answered the complaint and the Corporation subsequently filed the above-referenced motion for partial summary judgment or a preliminary injunction. The Borough opposed the motion, and filed a Fed. R. Civ. P. 56(f) affidavit. The District Court heard oral argument on March 17, 2003, and denied the Corporation's motion the same day. The Corporation timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) only over the denial of the preliminary injunction, and will affirm that denial.

2

# I.

Under 28 U.S.C. § 1291, a party may appeal only from a final judgment of the District Court. The rule, however, is subject to limited exceptions. 28 U.S.C. § 1292(a)(1) provides that a party may appeal from an interlocutory order "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions . . . ." Thus, where a district court denies preliminary injunctive relief, we have jurisdiction to consider the appeal. See, e.g., Shire U.S., Inc. v. Barr Labs., Inc., 329 F.3d 348, 351-52 (3d Cir. 2003).

The Borough contends that we lack jurisdiction over this matter because the District Court denied the Corporation's motion for summary judgment, and the Corporation sought in the District Court permanent injunctive relief, not preliminary relief. In support of its contention, the Borough relies on Lermer Germany v. Lermer Corp., 94 F.3d 1575 (Fed. Cir. 1996). The facts of this case, however, are inapposite to those of Lermer. In Lermer, even though the District Court's order indicated that it was denying a preliminary injunction, plaintiffs had not sought preliminary injunctive relief. Rather, "plaintiffs' notice of motion state[d] only that they [were] moving for summary judgment . . . ." Id. at 1577. Here, however, as our opening paragraph indicates, the Corporation sought a preliminary injunction,[1] with the caption of its notice of motion

---

[1]Based on the moving papers before the District Court, it appears that the Corporation sought both a preliminary injunction and a permanent injunction. Although the caption of the notice of motion stated that it was seeking a preliminary injunction, the substance of

stating: "Notice of Motion for Partial Summary Judgment on Issue of Liability, or, Alternatively, a Preliminary Injunction." Its brief was entitled, "Brief in Support of Plaintiff's Motion for Partial Summary Judgment on Issue of Liability or, Alternatively, a Preliminary Injunction," and the heading in Section IV of the brief stated, "The Plaintiff is Entitled to a Permanent or, Alternatively, a Preliminary Injunction." In its conclusion, the Corporation requested that the District Court alternatively "award a preliminary injunction." Accordingly, we conclude that the Corporation sought a preliminary injunction.

We also conclude that the District Court denied the Corporation's application for a preliminary injunction, not a permanent injunction. Although the Court's order initially stated that the matters came "before the Court upon Plaintiff's motion for partial summary judgment or, in the alternative, for a permanent injunction," it went on to provide the following: "ORDERED that the Plaintiff's motion for partial summary judgment is DENIED; and it is further, ORDERED that the Plaintiff's motion for a preliminary injunction is DENIED." Furthermore, it is quite clear from the transcript of the oral argument before the District Court that the Court was referring to preliminary injunctive relief. Accordingly, while we do not have jurisdiction to consider at this juncture the

the notice referred to both "permanent" and "preliminary" injunctions. One of the proposed orders submitted by the Corporation to the District Court indicated that the Borough be "permanently enjoined" from enforcing the New Jersey statute and the Borough's ordinance. Another proposed order stated that the Borough be "preliminarily enjoined."

4

denial of the Corporation's motion for partial summary judgment, we do have jurisdiction to consider the appeal from the denial of the motion for a preliminary injunction.[2]

## II.

The Corporation argues that the District Court erred in not granting its motion for preliminary injunctive relief. Our review of the District Court's decision "is limited to determining whether there has been an abuse of discretion, a clear error of law, or a clear mistake on the facts." Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153, 158 (3d Cir. 1999) (internal quotations and citations omitted). In determining whether to grant preliminary injunctive relief, a court must be convinced of the following four elements: "(1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) the public interest." Shire U.S. Inc. v. Barr Labs., Inc., 329 F.3d 348, 352 (3d Cir. 2003). Here, the District Court denied the preliminary injunction because the Corporation had shown neither that it would succeed on the merits nor that it would suffer irreparable harm.

The District Court did not abuse its discretion in refusing to grant the preliminary

---

[2]The Corporation has moved before this Court, pursuant to Fed. R. Civ. P. 11, to strike portions of the Borough's brief and for sanctions, and the Borough has moved for an order requiring the withdrawal of the Rule 11 motion. By separate order, the Corporation's motion will be denied and the Borough's motion will be denied as moot.

injunction. The Corporation had not demonstrated a likelihood of success on the merits; indeed, among other things, it remains unclear even now whether the Borough prohibits live entertainment in Eatontown and unclear whether there are alternative avenues available for the operation of a sexually oriented business. For that reason alone, the Corporation has also failed to demonstrate that the denial of a preliminary injunction will result in irreparable injury to it or that the injunction will be in the public interest.

### III.

For the foregoing reasons, we will affirm the March 17, 2003 order of the District Court insofar as that order denied the motion for a preliminary injunction.


TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.


**/s/ Maryanne Trump Barry**
Circuit Judge