SWITZERLAND CHEESE ASSOCIATION, INC.,
ET AL. *v.* E. HORNE'S MARKET, INC.

No. 42. Argued October 17, 1966.—Decided November 7, 1966.

*David Toren* argued the cause for petitioners. With him on the briefs were *John J. McGlew* and *Alfred E. Page.*

*Harold E. Cole* argued the cause and filed a brief for respondent.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

Petitioners brought this suit for trademark infringement and unfair competition under the trademark laws. 60 Stat. 427, 15 U. S. C. § 1051 *et seq.* They sought a preliminary injunction during the pendency of the action, a permanent injunction, and damages. After issue was joined, petitioners moved for a summary judgment granting a permanent injunction and awarding damages against respondent. The District Court could not say that there was "no genuine issue as to any material fact"

24

within the meaning of Rule 56 of the Federal Rules of Civil Procedure which governs summary judgments and accordingly denied the motion. Petitioners appealed, claiming that order to be an "interlocutory" one "refusing" an injunction within the meaning of § 1292 (a)(1) of the Judicial Code, 28 U. S. C. § 1292 (a)(1).[1]

The Court of Appeals held that the order denying the motion for a summary judgment was not an "interlocutory" one within the meaning of § 1292 (a)(1) and dismissed the appeal for want of jurisdiction. 351 F. 2d 552. We granted certiorari because of a conflict between that decision and those from the Second Circuit. See, e. g., Federal Glass Co. v. Loshin, 217 F. 2d 936.[2]

Unlike some state procedures, federal law expresses the policy against piecemeal appeals. See Baltimore Contractors, Inc. v. Bodinger, 348 U. S. 176. Hence we approach this statute somewhat gingerly lest a floodgate be opened that brings into the exception many pretrial orders. It is earnestly argued, however, that, although this order denied a permanent injunction, it was nonetheless "interlocutory" within the meaning of § 1292 (a)(1) because the motion for summary judgment did service for a motion for a preliminary injunction (see Federal Glass Co. v. Loshin, supra, at 938) and that therefore "interlocutory" must also include a denial of a permanent injunction.

---

[1] That section provides:

"(a) The courts of appeals shall have jurisdiction of appeals from:

"(1) Interlocutory orders of the district courts of the United States . . . or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court."

[2] Subsequent to the grant of certiorari in this case, the Second Circuit, en banc, reversed its position and held that such an order is not appealable. Chappell & Co., Inc. v. Frankel, 367 F. 2d 197.

We take the other view not because "interlocutory" or preliminary may not at times embrace denials of permanent injunctions, but for the reason that the denial of a motion for a summary judgment because of unresolved issues of fact does not settle or even tentatively decide anything about the merits of the claim. It is strictly a pretrial order that decides only one thing—that the case should go to trial. Orders that in no way touch on the merits of the claim but only relate to pretrial procedures are not in our view "interlocutory" within the meaning of § 1292 (a)(1). We see no other way to protect the integrity of the congressional policy against piecemeal appeals.[3]

*Affirmed.*

Mr. JUSTICE HARLAN would affirm the judgment below on the basis of the reasoning set forth in Judge Waterman's opinion for the Second Circuit in *Chappell & Co., Inc.* v. *Frankel,* 367 F. 2d 197.

Mr. JUSTICE STEWART concurs in the result.

---

[3] As Judge Charles E. Clark said, in dissent, in *Peter Pan Fabrics, Inc.* v. *Dixon Textile Corp.,* 280 F. 2d 800, at 805–806:

"A district judge's orders advancing a case to trial ought not to be critically examined and re-examined by the cumbersome method of appeal before he has approached the stage of adjudication. . . . I believe this an intolerable burden for us, an improper and uncertain interference with trial court discretion, and a confusing invitation to indiscriminate appeals in the future—all contrary to settled federal law against piecemeal appeals."