608 F.2d 971
 Sallie Pearl LEWIS, Bertha Banks, Annie F. Calhoun, Thelma
Edwards, Hazel Lou Lee, Gladys McIntosh, Alice Rountree,
Estella Ware, Jossie Jackson, Janie Belle Ashmore,
individually and on behalf of all other persons similarly
situated, Appellants,
v.
BLOOMSBURG MILLS, INC., a corporation, Abbeville, South
Carolina, Appellee.
 No. 79-1001.
 United States Court of Appeals,
Fourth Circuit.
 Submitted March 8, 1979.
Decided July 23, 1979.
 
 Richard T. Seymour, Robert A. Murphy, Stephen L. Spitz, Lawyers Committee for Civil Rights, Washington, D. C., for appellants.
 J. Hamilton Stewart, III, J. Frank Ogletree, Jr., Fred W. Suggs, Jr., Greenville, S. C., for appellee.
 Before HAYNSWORTH, Chief Judge, and HALL and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ten black females filed this class action in 1973 against Bloomsburg Mills, Inc., alleging deprivations of their employment rights protected by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e Et seq. and 42 U.S.C. § 1981. In March, 1974, the district court, with the concurrence of counsel for all parties, preliminarily defined the class as black females who have applied for and have been discriminatorily denied employment because of their race or sex and black female employees who have been discriminatorily denied employment opportunities because of their race or sex. At that time, the district court did not exercise its discretionary authority to order notification to unnamed class members. Subsequently, on December 4, 1974, attorneys for the named plaintiffs issued a letter, without court authorization, to present and former black employees of Bloomsburg Mills which advised them of the pending litigation and invited them to meetings to gather information for the suit. Bloomsburg Mills obtained a temporary restraining order to prevent the meetings and to prohibit the plaintiffs from initiating communication with any unnamed class members. After a hearing, the district court entered an order on February 27, 1975, which denied the plaintiffs' motion to redefine the class and prohibited counsel-initiated communications with any potential or actual class members not a party to the action. At the same time the court issued an order to provide notice of the action to class members. The plaintiffs sought modification of the order restricting communications, but their motion was denied on October 10, 1978. The plaintiffs then sought a writ of mandamus in this Court to direct the district court to allow plaintiff and counsel-initiated communication with class members and black males. We denied the petition for mandamus. No. 78-1722 (4th Cir., Nov. 22, 1978). The plaintiffs now seek to appeal from the district court's order restricting communication under 28 U.S.C. § 1291 or 28 U.S.C. § 1292(a) (1). Bloomsburg Mills has moved for dismissal on the ground that this Court lacks jurisdiction to hear the appeal. We conclude that the district court's order is not appealable and accordingly grant the motion to dismiss.
 
 
 2
 * Under 28 U.S.C. § 1291, this Court has jurisdiction of appeals from all "final" decisions of the district court. While the plaintiffs do not assert that the district court's order is final in the sense that it terminates the litigation, they do claim that the order is appealable under the " collateral order" doctrine enunciated in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). That doctrine creates an exception to the rule of finality and permits appeals from orders " too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." 337 U.S. at 546, 69 S.Ct. at 1226. Before an order may be treated as "final" and appealable under Cohen, it must possess three characteristics: "(1) it must be separable from, and collateral to, the main cause of action; (2) the right involved must be too important to be denied review; and (3) the question presented must be such that, if review is postponed until final termination of the case, the claimed right will be irreparably lost." United States v. Lansdown, 460 F.2d 164, 170-71 (4th Cir. 1972).
 
 
 3
 Although the district court's order may meet the first two requirements, we conclude that the plaintiffs will not irreparably lose any of their rights if we do not permit this appeal. The district court's order merely regulates the conduct of the litigation. The scope and conduct of discovery are within the sound discretion of the district court. N. C. Ass'n of Black Lawyers v. N. C. Bd. of Exam., 538 F.2d 547 (4th Cir. 1976). The district court may modify its order as the litigation proceeds. Any possible harm to the class members is speculative at best. Therefore, we conclude that the district court's order is not appealable under the collateral order exception to 28 U.S.C. § 1291.
 
 II
 
 4
 Title 28 U.S.C. § 1292(a)(1) permits appeals from certain interlocutory orders of the district court which grant, deny, or modify injunctions. In determining whether or not an order is appealable under § 1292(a)(1), the courts do not look to the terminology of the order but to its substantial effect. Words of restraint in an order which is only a step in an action does not render the order appealable under § 1292(a)(1). Virginia National Bank v. Commonwealth of Va., 448 F.2d 425 (4th Cir. 1971). In Switzerland Cheese Ass'n v. E. Horne's Market, 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966), the Supreme Court stated that "(o)rders that in no way touch on the merits of the claim . . . are not in our view 'interlocutory' within the meaning of § 1292(a) (1)." Id. at 25, 87 S.Ct. at 195. The district court's order in the instant appeal regulates the conduct of discovery. The order is merely a step in the litigation process and is in no way directed to the merits of the underlying action. Therefore, the order is not appealable under § 1292(a)(1).
 
 
 5
 The Supreme Court in Switzerland Cheese Ass'n, noted Judge Clark's dissent in Peter Pan Fabrics, Inc. v. Dixon Textile Corp., 280 F.2d 800, 805-06 (2d Cir. 1960), where he stated:
 
 
 6
 "A district judge's orders advancing a case to trial ought not to be critically examined and re-examined by the cumbersome method of appeal before he has approached the stage of adjudication . . . . I believe this is an intolerable burden for us, an improper and uncertain interference with trial court discretion, and a confusing invitation to indiscriminate appeals in the future all contrary to settled federal law against piecemeal appeals."
 
 
 7
 385 U.S. at 25 n.3, 87 S.Ct. at 195 n.3. We approve of this language and conclude that accepting the instant appeal would violate the integrity of congressional policy against piecemeal appeals.
 
 
 8
 Accordingly, we grant the motion to dismiss.