861 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
STEWART TITLE GUARANTY COMPANY, Plaintiff-Appellee,
v.
Paula G. WALLEN; William H. Wallen, Defendants-Appellants.
 Nos. 88-3166, 88-3806.
 United States Court of Appeals, Sixth Circuit.
 Nov. 1, 1988.
 
 1
 Before KRUPANSKY and RALPH B. GUY, Jr., Circuit Judges; and RONALD E. MEREDITH, District Judge.*
 
 ORDER
 
 2
 In Case No. 88-3166, the defendants move for counsel and for a transcript at government expense on appeal from the district court's judgment after a jury verdict in favor of the plaintiff in this diversity contract and fraud case. 28 U.S.C. Sec. 1332. In Case No. 88-3806, the defendants appeal from an order denying a transcript at government expense. 28 U.S.C. Sec. 753(f). These appeals have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In its complaint, the plaintiff alleged that the defendants engaged in a fraudulent mortgage refinancing scheme. The case went to a jury trial. The jury returned a verdict in favor of the plaintiff and awarded $619,559.30 in compensatory damages and $1,250,000.00 in punitive damages. The defendants appealed from the judgment and from an order denying a transcript at government expense.
 
 
 4
 In Case No. 88-3806, the defendants appealed from a nonappealable order. The general rule is that piecemeal litigation is to be discouraged. Switzerland Cheese Ass'n, Inc. v. E. Horne's Market, Inc., 385 U.S. 23, 24 (1966). Therefore, the order denying a transcript at government expense is nonappealable. We dismiss Case No. 88-3806 for lack of jurisdiction. We will consider the transcript issue based on the motion for a transcript at government expense.
 
 
 5
 This court can provide such a transcript only if a circuit judge certifies that the appeal is not frivolous but presents a substantial question. 28 U.S.C. Sec. 753. Because this panel concludes that the appeal does not present a substantial question, the motion is denied.
 
 
 6
 The defendants first argue that the district court improperly excluded evidence because the defendants' counsel did not give that evidence to the plaintiff's attorney. The defendants' counsel did not list any documents or other exhibits in its pretrial statement. This pretrial statement controls the subsequent course of the action, and the trial court possesses the discretion to exclude nonconforming evidence. Rodrigues v. Ripley Industries, Inc., 507 F.2d 782, 786-87 (1st Cir.1974). Therefore, the defendants have not presented a substantial issue on this question.
 
 
 7
 The defendants challenge the weight of the evidence concerning the fraud issue and the "piercing of the corporate veil" issue. The standard of review for the weight of the evidence issue is whether, viewing the evidence in the light most favorable to the plaintiff, reasonable minds could come to but one conclusion--that there is a total failure of evidence to prove the plaintiff's case. Ivey v. Wilson, 832 F.2d 950, 953 (6th Cir.1987) (per curiam). After an examination of the record, we conclude that the evidence provided by the plaintiff is adequate on both issues.
 
 
 8
 The defendants also challenge the award of punitive damages. The district court properly instructed the jury on punitive damages under Ohio law. Pratt v. National Distillers & Chem. Corp., Nos. 86-3971, 3972, slip op. at 20-21 (6th Cir. August 1, 1988). The jury did not award the entire $2,000,000.00 punitive damages requested by the plaintiff in its complaint, but reduced the amount to $1,250,000.00. We cannot say, therefore, that the award is contrary to all reason. See Cathey v. Johns-Manville Sales Corp., 776 F.2d 1565, 1572 (6th Cir.1985), cert. denied, 478 U.S. 1021 (1986).
 
 
 9
 Finally, the defendants challenge the district court's denial of a continuance to obtain new counsel. The matter of a continuance is traditionally within the discretion of the trial judge. Ungar v. Sarafite, 376 U.S. 575, 589 (1963). We conclude that the district court did not abuse its discretion here.
 
 
 10
 Accordingly, in Case No. 88-3166, the motions for counsel and for a transcript at government expense are denied. The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument. In Case No. 88-3806, the appeal is dismissed under Rule 9(b)(1), Rules of the Sixth Circuit, for lack of jurisdiction.
 
 
 
 *
 The Honorable Ronald E. Meredith, U.S. District Judge for the Western District of Kentucky, sitting by designation