Theodore and Janice FRUTIGER, On Behalf of Their Infant Daughter, Amy, a Handicapped Child, Appellants,

v.

HAMILTON CENTRAL SCHOOL DISTRICT and Thomas E. Sobel, Commissioner of Education, Appellees.

No. 1073, Docket No. 90–7881.

United States Court of Appeals, Second Circuit.

Argued Feb. 22, 1991.

Decided March 20, 1991.

---

Ronald R. Benjamin, Binghamton, N.Y., for appellants.

Martha L. Berry, Syracuse, N.Y. (Hancock & Estabrook, of Counsel), for appellee Hamilton Cent. School Dist.

Robert Abrams, Albany, N.Y., Atty. Gen., of the State of N.Y., Peter H. Schiff, Deputy Sol. Gen., Nancy A. Spiegel, Leslie B. Neustadt, Asst. Attys. Gen., for appellee Thomas E. Sobol, Com'r of Educ.

Before FEINBERG, MINER and MAHONEY, Circuit Judges.

FEINBERG, Circuit Judge:

Plaintiffs Theodore and Janice Frutiger appeal from an order of the United States District Court for the Northern District of New York, dated September 10, 1990, Howard G. Munson, J., denying plaintiffs' application for an evidentiary hearing to determine the appropriate educational placement for their daughter Amy for the 1990–91 school year. Judge Munson denied plaintiffs' application on the ground that they did not present any compelling reasons justifying their failure to follow ordinary administrative procedures under the Education for the Handicapped Act (EHA), 20 U.S.C. §§ 1400 et seq., prior to seeking a determination from the district court. Plaintiffs argue that they have already exhausted administrative remedies with respect to their daughter's placement for the 1989–90 school year and that to require that they do so for 1990–91 will have the effect of delaying a final administrative decision beyond the point at which it can be meaningfully challenged in the district court. For reasons given below, we dismiss plaintiffs' appeal for lack of jurisdiction.

## I. Factual Background

Amy Frutiger, now a 15–year old, has had a history of academic difficulties, although she was not classified as learning disabled until August 1988. Plaintiffs live in Hamilton, New York. At their request, the Hamilton Central School District's Committee on Special Education (CSE) agreed in July 1988 to pay for a private evaluation of Amy at Children's Hospital in Boston, Massachusetts. The results of that evaluation indicated that Amy suffered from language-based learning disabilities affecting her skills in spelling, gram-

mar and reading comprehension. Following this evaluation, the CSE devised an individualized educational program (IEP) for Amy for the school year 1988–89, which placed her in a regular 7th grade class with a minimum of three hours of resource room services per week and the availability of counseling on an as-needed basis. The IEP was modified several times during the course of the 1988–89 school year to deal with difficulties that arose due to academic stress and deficiencies in reading.

In June 1989, the CSE met to conduct its annual review of Amy's program and placement and to develop a new IEP for the 1989–90 academic year. The CSE proposed a continuation of the program adopted in 1988–89 with the specification of only two additional annual goals: improvement of written language and successful completion of eighth grade. Plaintiffs objected to the CSE's recommendations and, pursuant to 20 U.S.C. § 1415(b)(2), requested an impartial hearing, which was scheduled for the beginning of the 1989 school year.

During the summer of 1989, plaintiffs placed Amy in a summer program at the Landmark School, a private residential school in Massachusetts that is not on the New York State Education Commissioner's list of approved schools. As a consequence of Amy's report to the staff at Landmark of an episode that occurred during the week of final examinations at Hamilton public school, her parents were advised that she "was at substantial risk emotionally." As a result, plaintiffs decided to continue to enroll Amy at Landmark for the 1989–90 school year.

An impartial hearing on the CSE's recommendation for Amy's placement at public school for 1989–90 was held on September 20 and October 12, 1989, pursuant to plaintiffs' earlier request in June. In a decision rendered in November 1989, the hearing officer concluded that the classification and placement recommended by the CSE was appropriate, that the residential placement at Landmark was not required and that plaintiffs should not be reimbursed by New York State for the cost of the placement.

Pursuant to 20 U.S.C. § 1415(c), plaintiffs appealed this decision to the Commissioner, who issued a ruling in March 1990. The Commissioner sustained the appropriateness of the CSE's classification of Amy as learning disabled, but found that its determination of her IEP was inadequate because it failed to set forth in sufficient detail her specific educational needs, e.g., with respect to the time to be spent for therapeutic counseling and resource room programs. The Commissioner held that because of this lack of specificity it was impossible to determine on the record before him whether Amy's program was appropriate. He therefore remanded the case to the CSE for further assessment of her emotional needs and recommendation of a more specific educational program. However, the Commissioner agreed with the decision of the hearing officer that a residential placement was not appropriate and that plaintiffs were not entitled to reimbursement for the cost of Landmark School. He reasoned that a residential placement was not the least restrictive alternative for Amy and that in any event Landmark is not an approved school for the placement of New York State pupils with handicapping conditions.

In April 1990, shortly after the Commissioner's decision, plaintiffs commenced the present action against the School District and the Commissioner. Their complaint invoked the EHA and 42 U.S.C. § 1983 and consisted of five separate causes of action. The first four raised issues concerning improprieties in the determination of Amy's IEP for the 1989–90 year, and the fifth raised issues concerning Amy's IEP thereafter. Plaintiffs requested the following relief: (1) that the district court make an appropriate determination of Amy's right to a free educational placement and program and direct defendants "to carry out" their respective "responsibilities"; (2) that plaintiffs receive an award of money damages under 42 U.S.C. § 1983 against the School District for its violation of their procedural and substantive rights under the EHA by, among other things, causing plaintiffs to suffer extensive delays in their administrative proceedings; (3) that the

Commissioner's action in remanding Amy's case to the CSE be declared in violation of the finality requirements of the EHA; and (4) that plaintiffs receive attorney's fees, costs and disbursements for undertaking the action.

While the action was pending in the district court, the CSE commenced its review of Amy's educational program in compliance with the Commissioner's remand; by June 1990, the CSE developed a more specific program for Amy for the school year 1990–91 while working in consultation with plaintiffs. The new program recommended that Amy receive a minimum of five hours of individualized attention in the resource room per week and a minimum of two psychological counseling sessions per week of 30 minutes duration. The School District's Board of Education approved the program shortly thereafter and plaintiffs were so notified by letter on June 22, 1990.

Plaintiffs apparently did not agree with the CSE's program recommendation for the 1990–91 school year. However, they did not seek an administrative review before an impartial hearing officer. Rather, in August 1990 plaintiffs made an application to the district court, by order to show cause, seeking (1) an accelerated evidentiary hearing to determine Amy's placement for the 1990–91 school year, and (2) summary judgment against the Commissioner, presumably for his alleged violation of the finality requirement of the EHA.

In a decision issued from the bench on September 4, 1990, Judge Munson denied plaintiffs' application for an evidentiary hearing to determine Amy's educational placement for 1990–91. The judge held that plaintiffs had failed to exhaust their administrative remedies under the EHA before seeking review of an educational placement decision in federal court. He stated that whatever impact the Commissioner's decision to remand to the CSE regarding the 1989–90 school year may have had on plaintiffs' right to a timely placement for that period, it did not excuse them from exhausting administrative remedies with respect to the appropriate placement for 1990–91. Judge Munson also expressed doubt that the Commissioner's remand to the CSE violated the finality requirements of the EHA. Thereafter, in an order dated September 10, 1990, the judge reaffirmed his denial of an evidentiary hearing to determine Amy's educational placement for 1990–91, and denied plaintiffs' motion to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). This appeal followed.

## II. Discussion

■ Defendants-appellees School District and the Commissioner argue to us that we must dismiss the appeal because the order of the district court under attack is not appealable. Plaintiffs-appellants apparently claim that the order is appealable only because their application in the district court constituted a motion for a preliminary injunction, denial of which is appealable under 28 U.S.C. § 1292(a)(1). We believe that defendants have the better of this argument.

It is worth noting that in the district court the plaintiffs never characterized their application as a motion for a preliminary injunction, nor did the district court treat it as such. On the contrary, the judge regarded the application as a request for a special evidentiary hearing that would circumvent certain steps in the administrative procedure of the EHA. Also, after the district court denied their application plaintiffs sought certification under 28 U.S.C. § 1292(b), a tacit recognition that they were not entitled to an appeal as of right under § 1292(a)(1). Only by retrospectively characterizing their motion as one for injunctive relief can plaintiffs now argue that the district court's decision falls within the class of orders that are appealable under § 1292(a)(1).

More fundamentally, the district court did not grant, modify or deny a request for preliminary injunctive relief. Rather, it ruled that it would be improper for it to hold a hearing to determine an appropriate placement for Amy for the 1990–91 school year because plaintiffs had failed to exhaust their administrative remedies, a requirement that is "normally" a jurisdiction-

al prerequisite under § 1415(e)(2) of the EHA for judicial review of a recommended educational program and placement. *Honig v. Doe,* 484 U.S. 305, 326–27, 108 S.Ct. 592, 605–06, 98 L.Ed.2d 686 (1988). The district court's order thus operates, in effect, as a stay of that portion of plaintiffs' action involving Amy's 1990–91 placement, pending plaintiffs' required exhaustion of their administrative remedies. No hearing was held on the merits of the parties' claims concerning the appropriateness of the School District's recommended placement of Amy for that year or on the propriety of preliminary injunctive relief with respect to her placement.

■ It is well settled that an order of the district court that merely continues a case and does not reach the merits of parties' opposing claims is merely a step in the processing of a case and does not fall within the range of interlocutory orders appealable under 28 U.S.C. § 1292(a)(1). See, e.g., *Switzerland Cheese Ass'n, Inc. v. E. Horne's Market, Inc.,* 385 U.S. 23, 25, 87 S.Ct. 193, 195, 17 L.Ed.2d 23 (1966); *International Products Corp. v. Koons,* 325 F.2d 403, 406 (2d Cir.1963); *Ramirez v. Rivera–Dueno,* 861 F.2d 328, 334 (1st Cir. 1988), cert. denied, —— U.S. ——, 110 S.Ct. 73, 107 L.Ed.2d 40 (1989). The Ninth Circuit has pointed out the significance for appellate jurisdiction of the distinction between interlocutory orders that are injunctive and those that are procedural:

> An injunction may be defined as an order that is directed to a party, enforceable by contempt, and designed to accord or protect some or all of the substantive relief sought by a complaint in more than temporary fashion. It is to be contrasted with an order by a court that regulates the conduct of the litigation, which is not considered an injunction for the purposes of appellate jurisdiction, even though punishable by contempt.

*Gon v. First State Insurance Co.,* 871 F.2d 863, 865–66 (9th Cir.1989) (citation omitted).

It is clear to us that the district court's order here is procedural rather than injunctive and thus not appealable under § 1292(a)(1). The court denied the relief requested, i.e., an evidentiary hearing. The court made no final or preliminary determination regarding plaintiffs' substantive claims, either with respect to Amy's placement for the 1990–91 year or, for that matter, with respect to the placement for the 1989–90 year and plaintiffs' EHA and § 1983 claims against the School District and the Commissioner with regard to that earlier year. These latter claims remain before the district court, awaiting further adjudication. The court's order was not directed to either party for the purpose of according or denying protection to their substantive rights as delineated in plaintiffs' complaint.

■ Furthermore, it is well established that an order granting or denying a stay to await the result of proceedings pending before an agency is not the grant or denial of an injunction, and consequently such an order is not appealable under 28 U.S.C. § 1292(a)(1). See *Pepper v. Miani,* 734 F.2d 1420, 1421 (10th Cir.1984); see generally 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 110.20[4.–3]. In sum, we conclude that the district court's order is not appealable under 28 U.S.C. § 1292(a)(1). See also *David D. v. Dartmouth School Committee,* 775 F.2d 411, 424 (1st Cir.1985), cert. denied, 475 U.S. 1140, 106 S.Ct. 1790, 90 L.Ed.2d 336 (1986).

■ It is possible to argue—although plaintiffs do not—that the order here is appealable because in fact it amounted to dismissal of the fifth cause of action in the complaint, which apparently sought relief with respect to the 1990–91 school year. However, this mischaracterizes the order, which did not deny relief on the merits but postponed consideration of the issues. Moreover, even if the order were characterized as a dismissal of one cause of action, the others still remain. Under the circumstances there is no right to an appeal unless the district court grants certification under Fed.R.Civ.P. 54(b), which it has not done. Similarly, to the extent that the district court's decision can be regarded as a tacit denial of plaintiffs' motion for summary judgment against the Commissioner,

such a denial is not appealable as a matter of right.

■ Finally, it does remain within our discretion to treat defendants' appeal as a petition for mandamus under the All Writs Act, 28 U.S.C. § 1651(a), seeking immediate issuance of an order to the district court to conduct the requested evidentiary hearing concerning Amy's 1990–91 placement. See *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 288–89, 108 S.Ct. 1133, 1143, 99 L.Ed.2d 296 (1988); *Ramirez v. Rivera–Dueno*, 861 F.2d at 334. However, as the Supreme Court emphasized in *Gulfstream Aerospace Corp.*, issuance of the writ is justified only in "exceptional circumstances amounting to a judicial usurpation of power," 485 U.S. at 289, 108 S.Ct. at 1143, and such circumstances do not apply in this case.

Accordingly, we decline to reach the merits of the issues raised by plaintiffs' appeal. Nevertheless, we are sympathetic to plaintiffs' plight, and are troubled by the pattern of delay that plagued plaintiffs' attempt to secure a final administrative determination of Amy's program and placement for the school year 1989–90. It is significant that after utilizing their administrative remedies for 1989–90, plaintiffs never even formally received a final determination for Amy's IEP for that year; upon remand from the Commissioner's decision of March 1990, the CSE recommended a revised IEP for the 1990–91 school year, since so much time had already elapsed that it was no longer practical to formulate plans for 1989–90. We do not doubt that the frustration caused by this experience induced plaintiffs to bypass the administrative process in challenging the CSE's recommended IEP for 1990–91 and to seek immediate review in the district court.

As we have made clear, the various causes of action in plaintiffs' complaint with regard to the 1989–90 year are still pending in the district court. The issues raised by these causes of action include whether the Commissioner violated the EHA by remanding the administrative proceeding to the CSE or by delaying his decision well beyond the period allowed by the relevant regulations [1] or by refusing a residential placement for Amy and reimbursement of plaintiffs for the cost of Landmark School. For all practical purposes, as defendants seem to concede, the administrative record for the 1989–90 year appears to be complete and the issues just mentioned appear to raise principally questions of law. In his oral ruling on plaintiffs' application, the district court has already expressed a view on the first of these issues, but timely decisions on all of them, particularly the last, will have a significant effect on the litigation regarding 1990–91 and subsequent years.

The welfare of a child is at stake here, and we urge the parties, under the strong guidance of the district court, to attempt to bring matters to a head, although in an orderly way, and to cooperate in doing so. See *Tucker v. Bay Shore Union Free School Dist.*, 873 F.2d 563, 567 (2d Cir. 1989). Time and effort have been spent on matters that did not require it. For example, the parties in this court contradict each other on whether the record of the administrative proceedings for the 1989–90 year has actually been filed in the district court pursuant to 20 U.S.C. § 1415(e)(2). This is certainly a matter that the district court can determine without further ado. More fundamentally, plaintiffs are entitled to a decision with respect to the issues they raised regarding the 1989–90 school year, and the district court should render such a determination as expeditiously as possible. We realize that the procedures of the EHA are "ponderous," *Burlington School Committee v. Massachusetts Dept. of Ed.*, 471

---

1. Federal regulations pursuant to the EHA state that parents of a handicapped child have the right to (1) a final decision not later than 45 days after the receipt of a request for an impartial due process hearing on their child's recommended IEP, and (2) a final decision in an impartial review of this hearing by the relevant State educational agency not later than 30 days after the receipt of a request for such a review. 34 C.F.R. §§ 300.506, 300.510, 300.512. It thus appears that the regulatory scheme of EHA contemplates completion of a two-tier administrative review of a child's IEP within a period of roughly two and one-half months.

U.S. 359, 370, 105 S.Ct. 1996, 2003, 85 L.Ed.2d 385 (1985), but they cannot be allowed to create a Catch 22, in which the requirement of exhaustion of administrative remedies prevents concerned parents from ever obtaining timely judicial review.

■ It is well settled that parents may bypass the administrative review process where exhaustion would be futile or inadequate, *Honig v. Doe,* 484 U.S. at 327, 108 S.Ct. at 606; *Smith v. Robinson,* 468 U.S. 992, 1014 n. 17, 104 S.Ct. 3457, 3469 n. 17, 82 L.Ed.2d 746 (1984). Thus, if state administrative bodies persistently fail to render· expeditious decisions as to a child's educational placement, district courts have the power under § 1415(e)(2) to assume jurisdiction over the review process on the grounds that exhaustion would be futile or inadequate and thereafter make a final determination as to a child's program and placement. As we have explained above, because plaintiffs' August 1990 application did not seek injunctive relief and neither the court nor the parties treated it as such, we have not reached the issue whether Judge Munson would have been justified in applying that doctrine here with respect to the 1990–91 school year. We note, however, that there was considerable support in the record to warrant taking such a step. If similar delays, for which plaintiffs are not responsible, continue with respect to exhaustion of administrative remedies, nothing said here should be construed as foreclosing the district court from applying this doctrine in the future.

Plaintiffs' appeal is dismissed for lack of appellate jurisdiction. The School District's application for damages, including attorney's fees, under Fed.R.App.P. 38 and 28 U.S.C. § 1912 is denied.