Augustine BETANCOURT, individually and on behalf of all persons similarly situated, Plaintiff–Appellant,

v.

Rudolph GIULIANI, in his official capacity as Mayor of the City of New York, Howard Safir, in his official capacity as Police Commissioner of the City of New York, City of New York, Defendants–Appellees.

No. 01–7145.

United States Court of Appeals, Second Circuit.

Feb. 11, 2002.

Eric Twiste, Paul Weiss, Rifkind, Wharton & Garrison, N.Y., NY, for Appellant.

Linda H. Young, Ass't Corp. Counsel, N.Y., NY, for Appellees.

Present KEARSE, WINTER, and CALABRESI, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the appeal be and it hereby is dismissed for lack of appellate jurisdiction.

■ Plaintiff Augustine Betancourt appeals from an order of the United States District Court for the Southern District of New York, John S. Martin, Jr., *Judge,* (a) denying his motion for summary judgment, and (b) granting the motion of defendants for partial summary judgment dismissing his claims that he was arrested pursuant to New York City Administrative Code § 16–122(b) without probable cause and that § 16–122(b) is unconstitutionally vague, unconstitutionally overbroad, and violates his constitutional right to travel. Because there remains an unresolved claim in the district court, and because none of the conditions for immediate appeal of a nonfinal judgment have been met, we dismiss the appeal for lack of jurisdiction. We note that although the City did not raise the matter of appellate jurisdiction, this Court has the duty to dismiss *sua sponte* when such jurisdiction is lacking. *See, e.g., Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *Germain v. Connecticut National Bank,* 930 F.2d 1038, 1039 (2d Cir.1991).

When a decision of the district court does not pertain to an interlocutory injunction, a receivership, or a case in admiralty, *see* 28 U.S.C. § 1292(a), and is not an order that the district court has certified for a potential immediate appeal pursuant to 28 U.S.C. § 1292(b), we lack jurisdiction to hear the appeal unless the decision is a "final" order within the meaning of 28 U.S.C. § 1291. An order that adjudicates fewer than all of the claims remaining in the action is not a final order unless the court directs the entry of a final judgment as to the dismissed claims "upon an express determination that there is no just reason for delay." Fed.R.Civ.P. 54(b).

■ Betancourt contends that the district court's order is appealable under § 1292(a)(1) as an order that denied him an injunction. We disagree. That section deals with denials of motions for interlocutory injunctions. And although Betancourt moved for such an injunction at an early stage of this case, he did not appeal from the denial of that motion within the 30 days allowed by Fed. R.App. P. 4(a). His present appeal is, rather, from an order of the district court that denied his motion for summary judgment and granted partial summary judgment to defendants. It has long been established that the district court's denial of a plaintiff's motion for summary judgment, even with respect to a claim that seeks permanent injunctive relief, is not immediately appealable under 28 U.S.C. § 1292(a)(1). *See, e.g., Switzerland Cheese Ass'n v. E. Horne's Market, Inc.,* 385 U.S. 23, 25, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966); *Chappell & Co. v. Frankel,* 367 F.2d 197, 200 (2d Cir.1966).

The order of which Betancourt seeks review dismissed some, but not all, of his claims. Proceedings continue in the district court on his remaining claim, and no final judgment has been entered. The order is not one that the district court has certified pursuant to § 1292(b). And it is

not an order granting, denying, modifying, etc., a preliminary injunction. Accordingly, the order granting defendants' motion for partial summary judgment is not now appealable.

 We note that although Rule 54(b) allows the district court to order the entry of a final partial judgment if it determines that "there is no just reason for delay," thereby permitting an aggrieved party to take an immediate appeal, institutional respect for the "'historic federal policy against piecemeal appeals'" requires that such a certification not be granted routinely, *see Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438, 76 S.Ct. 895, 100 L.Ed. 1297 (1956)). Thus, we have said that the power "should be used only in the infrequent harsh case" where there exists "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Brunswick Corp. v. Sheridan*, 582 F.2d 175, 183 (2d Cir.1978) (internal quotation marks omitted) (dismissing appeal where stated reasons for certification were inadequate); *see, e.g., Cullen v. Margiotta*, 618 F.2d 226, 228 (1980) (per curiam). The present case does not appear to be one in which the entry of a final partial judgment under Rule 54(b) is needed to alleviate the effects of delay, especially given that Betancourt had an opportunity years ago to appeal the denial of his motion for a preliminary injunction and chose not to do so.

We have considered all of Betancourt's arguments in support of immediate appealability and have found them to be without merit. The appeal is dismissed for want of appellate jurisdiction. Following the conclusion of the remaining proceedings in the district court and the entry of final judg-

ment, any new appeal shall be referred to this panel, to the extent practicable.