**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

ELONZA JESSE TYLER,

                Plaintiff - Appellant,

    v.

R. DAVIS; et al.,

                Defendants - Appellees.

No. 10-17555

D.C. No. 1:06-cv-00092-SMS

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Eastern District of California
Sandra M. Snyder, Magistrate Judge, Presiding[**]

Submitted November 8, 2011[***]

Before:    O'SCANNLAIN, TASHIMA, and GRABER, Circuit Judges.

    Elonza Jesse Tyler, a California state prisoner, appeals pro se from the

district court's judgment after a jury verdict for defendant Smith and summary

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment for the remaining defendants in his 42 U.S.C. § 1983 action alleging deliberate indifference to his medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment); *Littlejohn v. United States*, 321 F.3d 915, 919 (9th Cir. 2003) (application of collateral estoppel). We affirm.

The district court properly granted summary judgment for defendants Davis, Jackman, and Mendoza-Powers on Tyler's Eighth Amendment claim regarding post-operative care for his knee because Tyler did not raise a genuine dispute of material fact as to whether those defendants were deliberately indifferent to his medical needs. *See Toguchi*, 391 F.3d at 1057-58 (prison officials act with deliberate indifference only if they know of and disregard an excessive risk to an inmate's health and safety; a difference of medical opinion about the best course of medical treatment does not amount to deliberate indifference); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondeat superior liability under § 1983; plaintiff must show personal involvement in alleged violations).

The district court properly denied Tyler's "Motion for an Order of Collateral Estoppel by Judgment," because the denial of defendant Smith's motion for summary judgment did not preclude Smith from presenting a defense at trial. *See Switzerland Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 25 (1966)

10-17555

(the denial of a motion for summary judgment "decides only one thing-that the case should go to trial").

We do not consider Tyler's claim regarding alleged violations of prison policies because it was "not properly raised before the district court." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED**.