

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| FRANCIE E. MOELLER; EDWARD MUEGGE; KATHERINE CORBETT; CRAIG THOMAS YATES,<br><br>               Plaintiffs - Appellants,<br><br>  v.<br><br>TACO BELL CORP.,<br><br>               Defendant - Appellee. | No. 12-17144<br><br>D.C. No. 4:02-cv-05849-PJH<br><br>MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted June 13, 2013
San Francisco, California

Before: O'SCANNLAIN and M. SMITH, Circuit Judges, and ANELLO, District
Judge.[**]

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The Honorable Michael M. Anello, District Judge for the U.S. District
Court for the Southern District of California, sitting by designation.

Plaintiffs-Appellants (Plaintiffs) attempt to appeal two orders of the district court. One order amended the findings of facts and conclusions of law the court had issued after the first phase of a bifurcated trial regarding an exemplar Taco Bell restaurant. The second modified the court's case management plan. Both stated that the district court would defer any decision concerning whether it would grant any form of injunctive relief. Plaintiffs assert that we have jurisdiction to review the referenced orders pursuant to 28 U.S.C. § 1292(a)(1), which gives us jurisdiction to review "orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions." We disagree, and dismiss for lack of jurisdiction.

The district court's decision to defer judgment on the merits of a permanent injunction is not an express refusal to enter an injunction. *See Paige v. California*, 102 F.3d 1035, 1038 (9th Cir. 1996) (explaining that orders that fall "squarely within the scope of § 1292(a)(1)" are appealable as a matter of right). Nor have plaintiffs satisfied the Supreme Court's "practical effect" test by demonstrating that the orders have "serious, perhaps irreparable consequences that petitioners can effectually challenge only by an immediate appeal." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 90 (1981) (internal quotation marks omitted); *see also Oregon Natural Res. Council, Inc. v. Kantor*, 99 F.3d 334, 337 (9th Cir. 1996). In the ten year span of this litigation, plaintiffs have never sought any form of preliminary

injunctive relief.  Therefore, in this case, as was true in the Supreme Court's decision in *Switzerland Cheese Association, Inc. v. E. Horne's Market, Inc.*, 385 U.S. 23 (1966), "not only [is] the [district] court free to grant the requested injunctive relief in full after conducting [full proceedings] on the merits, but it [is] also not precluded from granting a motion for preliminary injunction during the pendency of the litigation if petitioners were to allege that further delay would cause them irreparable harm." *Carson*, 450 U.S. at 85 n.10 (describing the Court's reasoning in *Switzerland Cheese*).

**DISMISSED.**