FILED
United States Court of Appeals
Tenth Circuit

May 22, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WAYNE PENN SCHAFER, Trustee
of the Wayne Penn Schafer Separate
Property Trust Established October
5, 1982, as Amended and Restated
on July 9, 2007,

     Plaintiff - Appellant,

v.

CENTERPOINT ENERGY
OKLAHOMA GAS, d/b/a
CenterPoint Energy Resources Corp,

     Defendant - Appellee.

No. 18-5054
(D.C. No. 4:17-CV-00365-GKF-FHM)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT** [*]
_____

Before **HOLMES**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

This appeal stems from a property dispute. The landowner alleges

that a pipeline is being operated on his land without an easement, and the

_____

[*]    Oral argument would not materially help us to decide this appeal. We
have thus decided the appeal based on the briefs and the appendix. _See_
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

pipeline owner insists that it has an easement. The district court granted summary judgment to both sides on some issues and denied summary judgment on other issues. The landowner was dissatisfied with these rulings and appealed, but we lack appellate jurisdiction.

The landowner asserted three claims (unjust enrichment, trespass, and nuisance) against the pipeline owner, seeking damages and a permanent injunction. Both sides moved for partial summary judgment, and the district court granted the pipeline owner's motion on

- the applicability of state law to the part of the trespass claim arising after the pipeline owner had obtained a certificate of competency[1] and

- the unavailability of unjust enrichment and punitive damages.

The court also granted partial summary judgment to the landowner on multiple affirmative defenses. But the court denied the landowner's request for a permanent injunction, concluding that the landowner had not shown actual success on the trespass claim.

Generally, appellate jurisdiction is confined to a district court's final decisions. 28 U.S.C. § 1291. But the rulings here did not constitute a final decision because the district court has not yet conducted a trial on

- the landowner's claims for trespass and nuisance and

- some of the pipeline owner's affirmative defenses.

_____

[1] The federal government issued the certificate in 1950, removing federal restrictions on alienation of the land.

2

In the absence of a final decision, a party can appeal under 28 U.S.C. § 1292(a)(1) for orders "granting, continuing, modifying, refusing, or dissolving injunctions." 28 U.S.C. § 1292(a)(1). But even when an injunction is involved, a party cannot appeal the denial of summary judgment based on unresolved factual issues. *Switzerland Cheese Ass'n, Inc. v. E. Horne's Market, Inc.*, 385 U.S. 23, 25 (1966).[2]

This limitation applies here: The district court denied the landowner's request for a permanent injunction because the landowner had not proven actual success on the merits. And factual issues remain on the defense of a prescriptive easement. We thus conclude that appellate

---

[2]     In *Tri-State Generation & Transmission Association, Inc. v. Shoshone River Power, Inc.*, we used broad language when referring to the scope of appellate jurisdiction for denials of injunctive relief: "We agree with the Eleventh Circuit in *Cable Holdings of Battlefield, Inc. v. Cooke* [citation omitted], that an interlocutory order expressly granting or denying injunctive relief fits squarely within the plain language of section 1292(a)(1)." 874 F.2d 1346, 1351 (10th Cir. 1989). But this broad language "must be interpreted with reference to the circumstances of the particular case and the question under consideration." Bryan Garner, et al., *The Law of Judicial Precedent* 80 (2016) (citation omitted). In *Tri-State*, we didn't address the applicability of § 1292(a)(1) when the district court denied summary judgment on an injunction claim based on the existence of unresolved factual issues. There the district court had denied a summary-judgment motion for injunctive relief based on interpretation of a contract rather than the presence of a factual issue. *Tri-State*, 874 F.2d at 1350.

jurisdiction cannot be based on § 1292(a)(1). Given the absence of appellate jurisdiction, we dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge