[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10247

Non-Argument Calendar

_____

MANAGED CARE ADVISORY GROUP, LLC,

Plaintiff-Appellee,

MD LEONARD J. KLAY, et al.,

Plaintiffs,

*versus*

UNITED HEALTHCARE OF
NORTH CAROLINA, et al.,

Defendants,

2                    Opinion of the Court                  21-10247

CIGNA HEALTHCARE, INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 1:00-md-01334-FAM

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant, CIGNA Healthcare, Inc. ("CIGNA"), appeals from the district court's denial of its expedited motion to enforce a settlement agreement and to enjoin Appellee, Managed Care Advisory Group, LLC ("MCAG"), from pursuing allegedly improper remedies at a final arbitration hearing before Special Master Joseph Matthews.  On appeal, CIGNA argues that the district court erroneously allowed the final arbitration hearing to proceed because (i) MCAG lacks standing to pursue claims on behalf of a class of medical providers and (ii) MCAG was pursuing relief that was barred by a settlement agreement between CIGNA and the class of medical providers.

After receiving CIGNA's notice of appeal, this Court requested that the parties address whether the district court's order denying CIGNA's expedited motion was immediately appealable. MCAG then filed a motion to dismiss CIGNA's appeal for lack of jurisdiction. In response to MCAG's motion to dismiss and to this Court's jurisdictional question, CIGNA argues that we have appellate jurisdiction to hear this interlocutory appeal under 28 U.S.C. §§ 1291, 1292(a)(1). The jurisdictional question and motion to dismiss were carried with the case for this panel to make a final determination. Because we disagree with CIGNA that this Court has jurisdiction over CIGNA's interlocutory appeal under either § 1291 or § 1292(a)(1), we grant MCAG's motion to dismiss the appeal.

Because we write only for the parties who are familiar with the facts and proceedings in this case, we relate only those facts necessary to understand our decision.

## I.

Under 28 U.S.C. § 1291, this Court has jurisdiction over "appeals from all final decisions of the district courts of the United States." The U.S. Supreme Court "long has stated that as a general rule a district court's decision is appealable under [§ 1291] only when the decision 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275, 108 S. Ct. 1133, 1136 (1988) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S. Ct. 631, 633 (1945)). The purpose of this rule

is to enable effective judicial administration "by forbidding piecemeal disposition on appeal of what for practical purposes is a single controversy." *Id.* at 275 n.7, 108 S. Ct. at 1136 n.7 (quoting *Cobbledick v. United States*, 309 U.S. 323, 325, 60 S. Ct. 540, 541 (1940)).

Here, the order at issue is a postjudgment order, which renders "the meaning of a 'final decision' . . . less clear because the proceedings necessarily follow a final judgment." *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 829 (11th Cir. 2010). CIGNA argues that the district court's order denying its requested stay of the final arbitration hearing was final because it "disassociate[d]" the court from the case. *Drummond Co., Inc. v. Terrance P. Collingsworth, Conrad & Scherer, LLP*, 816 F.3d 1319, 1322 (11th Cir. 2016) (quoting *Doe No. 1 v. United States*, 749 F.3d 999, 1004 (11th Cir. 2014)). We have stated that "[a] postjudgment order is final for purposes of section 1291 only if the order disposes of all issues raised in the motion." *Thomas*, 594 F.3d at 829. The order at issue here clearly does not do so. In its expedited motion, CIGNA requested that the district court "enjoin[] the arbitration hearing from proceeding" because (i) MCAG was seeking relief that was "barred by the Settlement Agreement" between CIGNA and the class of medical providers and (ii) MCAG lacked "standing to pursue" that relief. In its paperless order denying that motion, the district court said the motion was denied "with leave to argue, if appropriate, before Joseph Matthews," the Special Master serving as the arbitrator. The district court did not

"dispose[] of" CIGNA's arguments concerning MCAG's standing or its sought after relief. *Thomas*, 594 F.3d at 829. Instead, it referred those matters to the Special Master to decide initially.

This Court's holding in *Thomas* is instructive. There, a class of physicians and an insurance company entered a settlement agreement that released the insurance company "from all claims arising out of or related to matters referenced in the class action and the settlement agreement." *Id.* at 827. One physician failed to opt out of the settlement agreement in time, so he filed a motion for (i) an order declaring that the settlement agreement did not release his claims and (ii) an order declaring that the court would consider his request to opt out of the settlement agreement. *Id.* The district court summarily denied his motion without addressing the merits of his argument. *Id.* at 827–28. This Court dismissed the physician's appeal for lack of jurisdiction because, *inter alia*, the district court's post-judgment order was not an appealable "final decision" under § 1291. *Id.* at 829. Because the district court provided no explanation for its denial, we reasoned that "[t]he most we can say about the order . . . is that it did not alter the status quo." *Id.* The order was not a "final decision" because it "did not 'finally settle[] the matter in litigation,'" *i.e.*, it "did not expressly rule that [the physician's] claims [were] released." *Id.* at 830 (quoting *Delaney's Inc. v. Ill. Union Ins. Co.*, 894 F.2d 1300, 1305 (11th Cir. 1990)).

This reasoning applies equally to this case: the district court's summary denial of CIGNA's expedited motion to stay the

arbitration hearing did not expressly address either the scope of the settlement agreement or MCAG's standing. Instead, it gave CIGNA "leave to argue" these issues before the arbitrator. As in *Thomas*, the most we can say about the district court's summary denial of CIGNA's motion is that it left the status quo intact and did not finally settle or otherwise dispose of CIGNA's arguments.[1]

---

[1] In its response to MCAG's motion to dismiss the appeal, CIGNA pointed to a earlier appeal in this case where we held that the district court's order enforcing an "arbitral summonses [was] a final and appealable order." *Managed Care Advisory Grp., LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, 1154 (11th Cir. 2019). CIGNA argues that, based on this prior decision, jurisdiction must also exist here. We disagree. In the earlier appeal, we reasoned that "enforcing the arbitral summonses sends the litigants back to the standalone arbitration proceeding, and the district court has disposed of everything pending before it." *Id.* at 1155. The district court had disposed of all the issues presented by the postjudgment motion because all it had left to do was enforce the summonses. *Id.* (citing *Mayer v. Wall St. Equity Grp., Inc.*, 672 F.3d 1222, 1224 (11th Cir. 2012) ("[A]n order is deemed final if it disposes of all the issues raised in the motion that initially sparked the postjudgment proceedings.")). But here, the district court did not dispose of CIGNA's arguments concerning the scope of the arbitration agreement and MCAG's standing. Instead, the district court referred CIGNA's arguments to the Special Master, deferring its own ruling on these questions for a later time. *See* Fed. R. Civ. P. 53(f)(1) ("In acting on a master's order, report, or recommendations, the court must give the parties notice and an opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse . . . ."). While we held in the earlier appeal that the district court's "retention of jurisdiction to review the arbitrator's decision [did] not destroy the finality of the district court's ruling pertaining to the enforcement of the arbitral summonses," we believe it does destroy the finality of the order here, which summarily rejected CIGNA's arguments without providing a final ruling. *Thomas*, 594 F.3d at 829–30.

Therefore, we lack jurisdiction under § 1291 to hear CIGNA's appeal of this interlocutory order. *See Gulfstream Aerospace Corp.*, 485 U.S. at 275, 108 S. Ct. at 1136 (holding that a district court's denial of a motion to stay or dismiss the federal action when a similar suit was pending in state court was not immediately appealable under § 1291 because the order did not end the litigation on the merits and instead "ensure[d] that litigation will continue").

## II.

In the alternative, CIGNA argues that we have jurisdiction over this appeal under 28 U.S.C. § 1292(a)(1), which gives this Court jurisdiction over appeals from "[i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions." CIGNA's expedited motion requested an "injunction . . . to enforce the Settlement Agreement and to prevent an arbitral final hearing from moving forward." While CIGNA's expedited motion used the word "injunction," MCAG argues that the court's denial of this motion was merely a "case management order." The Supreme Court has instructed us to adopt a functional approach when deciding whether an interlocutory order falls within § 1292(a)(1)'s ambit. *See Abbott v. Perez*, --- U.S. ----, 38 S. Ct. 2305 (2018) ("[T]he District Court did not call its orders 'injunctions' . . . but the label attached to an order is not dispositive. . . . [W]here an order has the 'practical effect' of granting or denying an injunction, it should be treated as such for

purposes of appellate jurisdiction." (quoting *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 83, 101 S. Ct. 993, 996 (1981))).

We have outlined the requirements for an appeal under § 1292(a)(1) as follows:

> First, the interlocutory order appealed must have the first two elements of an injunction, that is, it must be: (1) a clearly defined and understandable directive by the court to act or to refrain from a particular action; and (2) enforceable through contempt, if disobeyed. However, merely establishing that the order under consideration is a court order commanding or preventing an action, and enforceable by contempt, does not make it "an injunction" under § 1292(a)(1). As noted earlier, an injunction in the traditional sense must be an order that gives some or all of the substantive relief sought in the complaint. Thus, "[t]he § 1292(a)(1) exception [to the final judgment rule] does not embrace orders that have no direct or irreparable impact on the merits of the controversy."

*Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1128–29 (11th Cir. 2005) (alterations in original) (footnotes omitted) (quoting *Gardner v. Westinghouse Broad. Co.*, 437 U.S. 478, 482, 98 S. Ct. 2451, 2454 (1978)). This narrow reading of § 1292(a)(1) is in line with federal policy which disfavors "piecemeal appeals." *Switz. Cheese Ass'n, Inc. v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 24,

87 S. Ct. 193, 195 (1966).  The Supreme Court has emphasized that lower courts must "approach this statute somewhat gingerly lest a floodgate be opened that brings into the [§ 1292(a)(1)] exception many pretrial orders."  *Id.*  Additionally, it has noted that "§ 1292(a)(1) was intended to carve out only a limited exception to the final-judgment rule," so we must "construe[] the statute narrowly to ensure that appeal as of right under § 1292(a)(1) will be available only in circumstances where an appeal will further the statutory purpose of 'permit[ting] litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence.'"  *Carson*, 450 U.S. at 84, 101 S. Ct. at 996 (quoting *Balt. Contractors v. Bodinger*, 348 U.S. 176, 181, 75 S. Ct. 249, 252 (1955), *overruled on other grounds by Gulfstream Aerospace Corp.*, 485 U.S. at 287–88, 108 S. Ct. at 1142–43).

In its response to MCAG's motion to dismiss the appeal, CIGNA argued that the district court denied an injunction to enforce the settlement agreement and to stop MCAG's pursuit of claims barred by the settlement agreement.  However, the language CIGNA used in its motion is not dispositive; rather, we look to the substance of what it requested.  In its expedited motion, CIGNA requested a stay of an arbitration hearing before the Special Master.  In our view, this is not an appealable interlocutory order.  *See Gulfstream Aerospace Corp.*, 485 U.S. at 279, 108 S. Ct. at 1138 ("An order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction and therefore is not appealable under

§ 1292(a)(1)."); *Cohen v. Bd. of Trs. of the Univ. of Med. & Dentistry of N.J.*, 867 F.2d 1455, 1464 (3d Cir. 1989) ("[A]n order staying or refusing to stay an action for equitable relief does not fall under section 1292(a)(1), even though it postpones or accelerates resolution of an action seeking injunctive relief."). As the Supreme Court has explained, "[o]rders that in no way touch on the merits of the claim but only relate to pretrial procedures are not in our view 'interlocutory' within the meaning of [§] 1292(a)(1)." *Switz. Cheese Ass'n, Inc.*, 385 U.S. at 25, 87 S. Ct. at 195.

Here, the district court denied CIGNA's request to stay the arbitration hearing, but that denial did not have serious, irreparable consequences such that it could only be challenged by immediate appeal. *See Carson*, 450 U.S. at 84, 101 S. Ct. at 997 ("Unless a litigant can show that an interlocutory order of the district court might have a 'serious, perhaps irreparable, consequence,' and that the order can be 'effectually challenged' only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal."). Being forced to participate in the arbitration hearing is not, in our view, a serious or irreparable consequence. *Cf. In re Culton*, 111 F.3d 92, 94 (11th Cir. 1997) (rejecting the argument that a "serious, perhaps irreparable consequence" under *Carson* includes being "forced to continue litigating and . . . expend[ing] significant amounts of time and money"). Nor is immediate appeal needed to effectually challenge the arbitration hearing as the district court will still be required to enter a final order adopting or modifying the Special

21-10247              Opinion of the Court                11

Master's report after giving the parties an opportunity to be heard.  Fed. R. Civ. P. 53(f).

### III.

For the foregoing reasons, we dismiss CIGNA's appeal for lack of jurisdiction.

**APPEAL DISMISSED.**[2]

---

[2] Because we have dismissed CIGNA's appeal for lack of jurisdiction, MCAG's motion to supplement the record is **DISMISSED** as moot.