[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11212

Non-Argument Calendar

_____

MAURA O'NEILL,
a.k.a. Marua Anne O'Neill,

Plaintiff-Appellant,

*versus*

LENOX HILL HOSPITAL,

Defendant,

NYU LANGONE MEDICAL CENTER,
NEW YORK-PRESBYTERIAN QUEENS,
GRADY HEALTH SYSTEM,
MOUNT SINAI BETH ISRAEL,
NORTHSIDE HOSPITAL FORSYTH,

COLLEGE PARK POLICE DEPARTMENT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-00011-SEG

_____

Before WILSON, JILL PRYOR, and LAGOA, Circuit Judges.

PER CURIAM:

Upon our review of the record and the parties' responses to the jurisdictional question, this appeal is DISMISSED for lack of jurisdiction.

Maura O'Neill appeals from the district court's March 14, 2023 order that, among other things, dismissed defendants NYU Langone Medical Center, New York Presbyterian-Queens, Northside Hospital Forsyth, and College Park Police Department from the action. The order also denied O'Neill's requests that the district court enter a permanent injunction requiring defendants to provide medical records. O'Neill argues that the denial of a permanent injunction was a final ruling and, even if not, is an appealable interlocutory ruling.

The district court's order was not a final decision because O'Neill's claims against Grady Health System and Mount Sinai Beth Israel remain pending. *See* 28 U.S.C. § 1291; *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012). The district court did not enter judgment under Federal Rule of Civil Procedure 54(b) or otherwise. The order is thus appealable now only if one of the limited provisions for interlocutory appeals applies.

The district court's denial of an injunction is not appealable under the collateral order doctrine because the district court noted that O'Neill could request the medical records from the defendants if the case proceeds to discovery and O'Neill has not established that the court's order is effectively unreviewable on appeal from a final judgment. *See Freyre v. Chronister*, 910 F.3d 1371, 1377 (11th Cir. 2018) (providing that a district court order that "contemplates further substantive proceedings in a case is not final and appealable"); *Plaintiff A v. Schair*, 744 F.3d 1247, 1253 (11th Cir. 2014) (explaining that an order is appealable under the collateral order doctrine if it, *inter alia*, would be effectively unreviewable on appeal from a final judgment); *see also Drummond Co. v. Collingsworth*, 816 F.3d 1319, 1322 (11th Cir. 2016) ("Discovery orders are ordinarily not final orders that are immediately appealable."). And the denial is not appealable under 28 U.S.C. § 1292(a)(1) because the injunctions, if entered, would not provide any of the substantive relief sought in the complaint, are distinct from O'Neill's claims against the defendants, and would essentially affect pretrial discovery procedures. *See* 28 U.S.C. § 1292(a)(1); *Alabama v. U.S. Army*

4                          Opinion of the Court                    23-11212

*Corps. of Eng'rs*, 424 F.3d 1117, 1127-29 (11th Cir. 2005); *Switz. Cheese Ass'n v. E. Horne's Mkt., Inc.*, 385 U.S. 23, 24-25 (1966). Accordingly, we lack jurisdiction over this premature appeal.