No. 01–7103.

United States Court of Appeals, Second Circuit.

Nov. 27, 2001.

GOLDIC ELECTRICAL INC. and Goldic Technology, Inc., Plaintiffs–Counterclaim–Defendants–Appellees,

v.

LOTO CORPORATION U.S.A. and Peggy Yuan, individually and doing business as Gold Star Trading, Defendants–Counterclaimants–Appellants,

"John Doe" and/or "Jane Doe" # 1 through # 10, individually, First and/or Last name of individuals being fictitious and unknown to Plaintiffs, "ABC Corporation", "DEF Corporation", and/or "XYZ Corporation", names of corporations being fictitious and unknown to Plaintiffs, Defendants.

Po W. Yuen, Yuen & Yuen, N.Y., NY, for appellants.

John J. Leo, N.Y., NY, for appellees.

Present KEARSE, MINER, and PARKER, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was submitted by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the order of said District Court granting an injunction be and it hereby is affirmed and the matter is remanded for entry of an appropriate injunctive order; in all other respects, the appeal is dismissed for lack of appellate jurisdiction.

Defendants Loto Corporation U.S.A. *et al.*, doing business as Gold Star Trading (collectively "Loto"), appeal from so much of an order of the United States District Court for the Southern District of New York, Denny Chin, *Judge,* as (1) denied Loto's motion for (a) summary judgment dismissing Lanham Act claims asserted by plaintiffs Goldic Electrical Inc., *et al.* (collectively "Goldic"), and (b) summary judgment in favor of Loto on one of its counterclaims, and (2) enjoined Loto from using a trademark comprising a combination of Chinese characters that translate to "Golden Dictionary," which refers to a product that Goldic has the exclusive right to distribute in the United States, and required Loto to remove all signs displaying such a mark from its premises. For the reasons that follow, we affirm in part and dismiss in part for lack of appellate jurisdiction.

*Appellate Jurisdiction*

█ The bulk of Loto's brief on appeal argues that the district court erred in denying its motion for summary judgment. We lack jurisdiction to consider these arguments, for no final judgment has been entered, no certification and leave to appeal have been obtained pursuant to 28 U.S.C. § 1292(b), and in such circumstances an order denying a motion for summary judgment is not immediately appealable, *see, e.g., Switzerland Cheese Association v. E. Horne's Market, Inc.,* 385 U.S. 23, 25, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966); *Chappell & Co. v. Frankel,* 367 F.2d 197, 199 (2d Cir.1966) (en banc). Accordingly, we dismiss for lack of jurisdiction so much of the appeal as seeks review of the district court's order denying Loto's motion for summary judgment.

█ As to the district court's ruling that Loto is enjoined from using the Golden Dictionary mark and is required to remove all signs bearing that mark from its premises, we conclude, despite some procedural irregularities, which we consider *sua sponte,* that we have jurisdiction. First, although the district court granted Goldic partial summary judgment and stated that it was granting a permanent injunction, the record does not indicate that any final

judgment was entered in the action in accordance with Fed.R.Civ.P. 54. Nonetheless, such a ruling, as an interlocutory injunctive order, is immediately reviewable pursuant to 28 U.S.C. § 1292(a).

Second, the Federal Rules of Civil Procedure provide that a judgment, which is defined to include "any order from which an appeal lies," Fed.R.Civ.P. 54(a), must "be set forth on a separate document," Fed.R.Civ.P. 58, and that "[a] judgment is effective only when so set forth," *id.* *See also* Fed.R.Civ.P. 58 Advisory Committee Note (1963) (judgment must be set forth on a separate document "distinct from any opinion or memorandum"); *RR Village Ass'n v. Denver Sewer Corp.*, 826 F.2d 1197, 1201 (2d Cir.1987) (14-page opinion stating "So Ordered" at the end does not satisfy Rule 58's separate-document requirement); *Calmaquip Engineering West Hemisphere Corp. v. West Coast Carriers Ltd.*, 650 F.2d 633, 635–36 (5th Cir.1981) (opinion entitled "Order Granting Motion for Summary Judgment" did not satisfy requirement); *Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 686 & n. 5, 689 (4th Cir.1978) (10 page "Opinion and Order" did not satisfy requirement); 12 *Moore's Federal Practice* § 58.02[2], at 58–8 to 58–9 (3d ed.1999). Ordinarily, a losing party's time to appeal does not begin to run until the prescribed separate document is entered; however, the principal purpose of the separate-document requirement is to enable a party to know when the appeal time has begun, *see, e.g., Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384–86, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (per curiam); *United States v. Indrelunas*, 411 U.S. 216, 219–22, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973) (per curiam); *Leonhard v. United States*, 633 F.2d 599, 611 (2d Cir.1980), *cert. denied*, 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981), and where the aggrieved party has taken an appeal prior to the entry of such a document, the court of appeals should disregard the flaw and entertain the appeal, *see Bankers Trust Co. v. Mallis*, 435 U.S. at 385–88.

In the present case, the record does not indicate entry of any separate document setting forth the terms of the injunction. In accordance with *Bankers Trust Co. v. Mallis*, however, we disregard that failure in light of Loto's filing an appeal, and we conclude that we have jurisdiction of the appeal. Although we have one additional concern with regard to the form of the injunction, which we discuss below, it does not affect our jurisdiction.

*The Merits of the Injunction*

■ As to the merits of the injunction prohibiting Loto's display of the Golden Dictionary mark, Loto argues principally that the court erred because its store offered for sale genuine Golden Dictionaries, albeit inoperable ones. We see no basis for reversal. The ultimate question on appellate review of a district court's issuance of an injunction is whether, in light of the applicable standard, the court has abused its discretion. *See, e.g., Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931–32, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975) (preliminary injunction); *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 298 (2d Cir.1999) (permanent injunction); *Dallas Cowboys Cheerleaders, Inc. v. Pussycat Cinema, Ltd.*, 604 F.2d 200, 206 (2d Cir.1979) (preliminary injunction). An abuse of discretion may consist of a clearly erroneous finding of fact or an error of law. *See, e.g., Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

We see no error of law or clearly erroneous finding of fact here. Given the lack of any dispute that Goldic has the exclusive right to distribute Golden Dictionaries in the United States and that the Golden Dictionaries in Loto's inventory are inoperable, and given the evidence of instances

in which Loto, *inter alia*, falsely represented to customers that Loto was identical to or affiliated with Goldic, the issuance of the injunction was well within the scope of the district court's discretion. We affirm the granting of the injunction substantially for the reasons stated in Judge Chin's Memorandum Decision dated December 27, 2000.

*The Form of the Injunction*

█ Finally, as indicated above, we have one procedural concern with the district court's injunction. "Since an injunctive or restraining order circumscribes [a person's] conduct and does so under a threat of punishment, it is reasonable to require that those enjoined be given fair notice of the conduct that is being prohibited." 11A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2955, at 321 (1995) ("Wright–Miller–Kane"). Although we have concluded that in this case non-compliance with Rule 58's separate-document requirement does not deprive us of jurisdiction to hear this appeal, we think the absence of a separate document affects the adequacy of the notice given of the terms of the injunction.

Rule 65 of the Federal Rules of Civil Procedure provides that an injunction must "describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." Fed.R.Civ.P. 65(d). Although Rule 65 as a whole is entitled "Preliminary Injunctions," it seems plain that "Rule 65(d) describes the permissible form and scope of [any type of] injunction, whether it be a preliminary, permanent, or a temporary restraining order." 11A Wright–Miller–Kane § 2941, at 34; *see also International Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 74–76, 88 S.Ct. 201, 19 L.Ed.2d 236 (1967) (giving expansive interpretation to what decrees are covered by Rule 65(d)). "Rule 65(d) reflects Con-

gress' concern with the dangers inherent in the threat of a contempt citation for violation of an order so vague that an enjoined party may unwittingly and unintentionally transcend its bounds," *Sanders v. Air Line Pilots Ass'n, International*, 473 F.2d 244, 247 (2d Cir.1972); and the requirement that the prohibited or mandated conduct not be described merely by reference to another document is designed to enhance the ability of affected persons to ascertain what acts are forbidden or required, *see, e.g.*, 11A Wright–Miller–Kane § 2955, at 308–09 ("The drafting standard established by Rule 65(d) is that an ordinary person reading the court's order should be able to ascertain from the document itself exactly what conduct is proscribed."). From the Rules' requirements (a) that an injunction be entered in a separate document, and (b) that the terms of the injunction not be simply incorporated by reference to another document, we think it implicit that proper notice of an injunction's terms is not given when those terms are set forth only in an opinion. This is especially so when that opinion deals largely with other issues.

In the present case, apparently no order entitled "Permanent Injunction," "Injunction," or even "Order" was entered. The district court simply stated "SO ORDERED" at the end of a 19–page opinion that is entitled "MEMORANDUM DECISION." Further, the terms of its permanent injunction are submerged in that opinion, with the bulk of the discussion dealing with Loto's motion for summary judgment (*see id.* at 10–16). Only 1½ pages deal with Goldic's entitlement to a permanent injunction (*see id.* at 16–17), and the ruling granting the permanent injunction is located in sections entitled "Plaintiffs' Motions" and "Motion for Summary Judgment." There is no section heading in which the term "permanent in-

junction" is used; the only section heading that mentions injunctions at all is one in which Goldic's "Motion for a Preliminary Injunction" against the sale of products bearing a different mark is denied (*see id.* at 18). We cannot conclude in these circumstances that an ordinary person is reasonably notified that his or her conduct was circumscribed. Although the failure to comply with Rules 58 and 65(d) may be harmless vis-à-vis Loto itself as a party defendant that presumably has read the court's opinion, we are less comfortable as to the effect on persons who are not parties to the litigation but who may be within the intended reach of the injunction as Loto's employees.

We conclude that the district court's permanent injunction does not give the proper notice, and we accordingly instruct the court on remand to enter its injunction in a separate document that meets the requirements of Fed.R.Civ.P. 65(d).

We have considered all of Loto's challenges to the merits of the injunction and have found no basis for reversal. The injunction of the district court is affirmed in substance; its terms are to be set forth in a separate document in accordance with this order. As to the other issues raised by Loto, the appeal is dismissed for lack of appellate jurisdiction.