**EYEWONDER, INC., Plaintiff–Appellee,**

v.

**John ABRAHAM, Defendant–Appellant.**

**No. 08–3060–cv.**

United States Court of Appeals, Second Circuit.

Sept. 24, 2008.

Joel L. Finger, (Eric D. Witkin, on the brief), Littler Mendelson, P.C., New York, NY, for Appellant.

James F. Bogan III, (C. Allen Garrett, Jr., on the brief), Kilpatrick Stockton LLP, Atlanta, GA, for Appellee.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL and Hon. JOHN R. GIBSON,* Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant John Abraham appeals from an order entered June 9, 2008, in the United States District Court for the Southern District of New York (Daniels, J.), enjoining him from soliciting, directly or indirectly, the 42 specific entities named on a list (the "Bogan List") prepared by his former employer Eyewonder, Inc. ("Eyewonder") and disclosed to Abraham's counsel. We assume the parties' familiarity as to the facts, the procedural context, and the specification of appellate issues.

In this expedited appeal, Abraham argues that the district court's preliminary injunction should be vacated since it fails to comply with several Federal Rules of Civil Procedure by: (1) incorporating the Bogan List by reference; (2) containing no

* The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation.

findings of fact or conclusions of law; and (3) not requiring Eyewonder to post a security.

■ Abraham first contends that the reference to the extrinsic Bogan List violates Federal Rule of Civil Procedure 65(d)(1), which states that "[e]very order granting an injunction must ... describe in reasonable detail—and not by referring to the complaint *or other document*—the act or acts restrained or required." Fed. R.Civ.P. 65(d)(1)(C) (emphasis added). We agree. "The normal standard of specificity [under Rule 65(d)] is that the party enjoined must be able to ascertain from the four corners of the order precisely what acts are forbidden." *Sanders v. Air Line Pilots Ass'n, Int'l,* 473 F.2d 244, 247 (2d Cir.1972). Eyewonder argues that because the Bogan List is clear and is easily understood by Abraham, this requirement is met. However, we have not been so flexible. For one thing, the specificity requirement also serves an additional purpose—facilitating appellate review. *See Fonar Corp. v. Deccaid Servs., Inc.,* 983 F.2d 427, 429–30 (2d Cir.1993). Moreover, "the specificity provisions of Rule 65(d) are no mere technical requirements." *Schmidt v. Lessard,* 414 U.S. 473, 476, 94 S.Ct. 713, 38 L.Ed.2d 661 (1974). Compliance is "essential," *Lau v. Meddaugh,* 229 F.3d 121, 123 (2d Cir.2000), unless the enjoined party acquiesces to the extrinsic reference, *see Perfect Fit Indus., Inc. v. Acme Quilting Co.,* 646 F.2d 800, 809 (2d Cir.1981). Since there is nothing in the record to demonstrate that Abraham agreed to the incorporation by reference, we agree that the order fails to comply with Rule 65(d)'s specificity requirement.

■ Abraham next argues that the absence of findings of fact and conclusions of law in the order violates Rules 52(a) and 65(d). Rule 52(a) states that "[i]n granting or refusing an interlocutory injunction, the court must ... state the findings and conclusions that support its action." Similarly, Rule 65(d)(1)(A) requires that "[e]very order granting an injunction and every restraining order must ... state the reasons why it issued." Although compliance does not require "either punctilious detail or slavish tracing of the claims issue by issue and witness by witness," the district court's "findings and conclusions should provide a clear understanding of the basis for [its] decision." *Fair Hous. in Huntington Comm. v. Town of Huntington,* 316 F.3d 357, 364 (2d Cir.2003) (alterations and citation omitted). Mere unsupported, conclusory statements that plaintiffs are "likely to suffer irreparable harm" and "have a likelihood of success on the merits" are insufficient to meet this standard.[1] *See Romer v. Green Point Sav. Bank,* 27 F.3d 12, 17 (2d Cir.1994). Here, the district court's two-page order cites the correct standard, but then concludes, without discussion, that "[p]laintiff has met the standard for a preliminary injunction." *Eyewonder, Inc. v. Abraham,* No. 08 CV 3579, 2008 WL 2388718, at *1 (S.D.N.Y. June 9, 2008). Quite simply, this order does "not provide any basis on which the appellate court may assess whether the district court has properly exercised its discretion." *Romer,* 27 F.3d at 17 (quoting *Tekno Labs., Inc. v. Perales,* 933 F.2d 1093, 1097 (2d Cir.1991)).

Lastly, Abraham argues that the district court's failure to require the posting of security violates Rule 65(c), which states that the "court may issue a preliminary

---

1. A party seeking a preliminary injunction must show: (1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits with a balance of hardships tipping decidedly in the movant's favor. *See Doninger v. Niehoff,* 527 F.3d 41, 47 (2d Cir.2008).

injunction ... only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Eyewonder submits that Abraham waived this requirement by never requesting a bond before the district court. Our caselaw does little to clarify this issue. Earlier decisions have suggested that because a district court has the discretion not to impose a bond, it may dispense with the security requirement when security is not requested. *See, e.g., Clarkson Co. v. Shaheen*, 544 F.2d 624, 632 (2d Cir.1976). But more recently, we have said that while it might be "within the discretion of the district court to decide that, under the circumstances, no security [is] required, the district court [is] required to make this determination before it enter[s] the preliminary injunction." *Corning, Inc. v. PicVue Elecs., Ltd.*, 365 F.3d 156, 158 (2d Cir.2004). Because we find that the order clearly fails to comply with Rules 52(a) and 65(d), we need not definitively resolve this issue.

▪ The next question is whether these deficiencies require vacatur of the injunction and remand to the district court or a remand with the injunction intact. Although we have, in some circumstances, left the injunction intact pending remand so as not to "punish [the moving party] for the district court's failure to make specific findings," *Inverness Corp. v. Whitehall Labs.*, 819 F.2d 48, 51 (2d Cir.1987), the bulk of our precedent supports a vacatur. "We will normally vacate the order if the findings and the record are not sufficient to enable us to be sure of the basis of the

decision below." *Tekkno*, 933 F.2d at 1097; *see also Alleyne v. N.Y. State Educ. Dep't*, 516 F.3d 96, 101 (2d Cir.2008) ("We have not hesitated, on numerous occasions, to invalidate injunctions for lack of adequate findings."). Without *findings* by the district court that Eyewonder would be irreparably harmed in the absence of the injunction or would likely succeed on the merits, Eyewonder has not demonstrated its threshold entitlement to injunctive relief. *See Brooks v. Giuliani*, 84 F.3d 1454, 1462 (2d Cir.1996); *see also Fireman's Fund Ins. Co. v. Leslie & Elliott Co.*, 867 F.2d 150, 151 (2d Cir.1989) ("[A] finding of irreparable harm is an absolute prerequisite to the issuance of an injunction.").[2]

Accordingly, for the reasons set forth above, the order of the district court is VACATED and the case REMANDED. The mandate shall issue forthwith.

---

**2.** Among his other arguments, Abraham also contends that the breadth of the injunction violates his employment agreement with Eyewonder, an argument that he lacked the opportunity to present to the district court. Be-

cause we vacate the injunction on other grounds, we leave consideration of this issue, in the first instance, to the district court on remand.