18-3500-cv(L)
Capstone Logistics Holdings, Inc. v. Navarrete

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand twenty.

PRESENT:  JOSÉ A. CABRANES,
　　　　　ROBERT D. SACK,
　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　*Circuit Judges*.
----------------------------------------------------------------

CAPSTONE LOGISTICS HOLDINGS, INC.,
CAPSTONE LOGISTICS, LLC, PINNACLE
WORKFORCE LOGISTICS L.L.C.,

　　　　　*Plaintiffs-Counter-Defendants-Appellees*,

　　v.　　　　　　　　　　　　　　　　18-3500-cv
　　　　　　　　　　　　　　　　　　20-2301-cv

PEDRO NAVARRETE, DAVID POFFENBERGER,
STEVEN WILLIS, MARIO ROJAS, HUMANO LLC,

*Defendants-Counter-Claimants-Appellants.*

-------------------------------------------------------------------

FOR DEFENDANTS-COUNTER-CLAIMANTS-APPELLANTS: Maria Caceres-Boneau, Eric A. Savage, Littler Mendelson P.C., New York, NY; Michelle R. Ferber, Jennifer R. Lucas, Ferber Law, PC, San Ramon, CA.

FOR PLAINTIFFS-COUNTER-DEFENDANTS-APPELLEES: James S. Yu, Seyfarth Shaw LLP, New York, NY; Robert J. Carty, Jr., Seyfarth Shaw LLP, Houston, TX; Robert B. Milligan, Seyfarth Shaw LLP, Los Angeles, CA.

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED in part, and the judgment of the District Court is AFFIRMED in part and REMANDED in part.

In these consolidated appeals, Defendants-Counter-Claimants-Appellants Pedro Navarrete, David Poffenberger, Steven Willis, Mario Rojas, and humano LLC (collectively, "Appellants") appeal from orders of the United States District

Court for the Southern District of New York (Daniels, J.) dated October 25, 2018 and June 23, 2020 granting Plaintiffs-Counter-Defendants-Appellees Capstone Logistics Holdings, Inc., Capstone Logistics, LLC, and Pinnacle Workforce Logistics L.L.C. (collectively, "Appellees") a preliminary injunction and later a permanent injunction, respectively, restricting the ability of the Appellants to compete with the Appellees.

This is the third time we have reviewed a challenge to the District Court's grant of injunctive relief. On the first appeal, we vacated a preliminary injunction because the District Court did not adequately justify the order. See Capstone Logistics Holdings, Inc. v. Navarrete, 736 F. App'x 25 (2d Cir. 2018). On remand, the District Court reinstated the injunction along with an explanation for its decision. When the Appellants again appealed, we remanded the case pursuant to United States v. Jacobson, 15 F.3d 19, 21–22 (2d Cir. 1994), to permit the District Court to resolve the Appellants' pending motion to vacate or modify the preliminary injunction. See Capstone Logistics Holdings, Inc. v. Navarrete, 796 F. App'x 55 (2d Cir. 2020). On remand, in a June 23, 2020 order, the District Court lifted the preliminary injunction and entered a permanent

3

injunction. The Appellants separately filed these appeals of the preliminary injunction and of the permanent injunction, which we then consolidated. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision.

1. Preliminary Injunction

On appeal, the Appellants challenge the preliminary injunction on the ground that it rested on unenforceable contractual provisions under California law. The Appellants add that the District Court should in any event have vacated the injunction much sooner than it did. Here, however, the District Court entered a permanent injunction on June 23, 2020, which renders moot an appeal from the entry of a prior preliminary injunction. See Webb v. GAF Corp., 78 F.3d 53, 56 (2d Cir. 1996). We therefore lack jurisdiction to review the Appellants' challenge to the preliminary injunction and dismiss this part of the appeal.

2. Permanent Injunction

The District Court granted a permanent injunction enjoining the Appellants from "directly or indirectly accessing, using, disclosing,

4

disseminating, or otherwise misappropriating any of [the Appellees']

confidential and proprietary information and trade secrets, including but not

limited to, [the Appellees'] MobilTrak technology." See Capstone Logistics

Holdings, Inc. v. Navarrete, No. 17 Civ. 4819, 2020 WL 3429775, at *2 (S.D.N.Y.

June 23, 2020). The Appellants challenge the entry of the permanent injunction

on two grounds. First, they contend that the injunction is wrongly premised on

the finding that they misappropriated trade secrets. Second, they argue that the

injunction is not specific enough and that it thus violates Federal Rule of Civil

Procedure 65(d).[1]

We review a district court's grant of a permanent injunction for abuse of

discretion, see Reynolds v. Giuliani, 506 F.3d 183, 189 (2d Cir. 2007), and we

review de novo whether the injunction complies with Rule 65(d), see City of

New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 143 (2d Cir. 2011). "To

comply with the specificity and clarity requirements" of Rule 65(d), "an

---

[1] Rule 65(d) provides that "[e]very order granting an injunction . . . must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1).

injunction must be specific and definite enough to apprise those within its scope of the conduct that is being proscribed." S.C. Johnson & Son, Inc. v. Clorox Co., 241 F.3d 232, 240–41 (2d Cir. 2001) (quotation marks omitted).

We find no error in the District Court's determination that the Appellants misappropriated the Appellees' trade secrets and therefore affirm the entry of a permanent injunction. On a more ministerial matter, however, we conclude that the form of the permanent injunction entered by the District Court fails to satisfy the specificity requirements of Rule 65(d) because it is "not possible to ascertain from the four corners of the order precisely what acts are forbidden" without resorting to extrinsic documents. Corning Inc. v. PicVue Elecs., Ltd., 365 F.3d 156, 158 (2d Cir. 2004) (quotation marks omitted); see Eyewonder, Inc. v. Abraham, 293 F. App'x 818, 820 (2d Cir. 2008) (remanding an action in part because the injunction references extrinsic documents and explaining that even if the injunction is "easily understood" by the enjoined party, "we have not been so flexible" in finding that the district court conformed to Rule 65(d)'s requirements). Here the extrinsic document consists primarily of the Findings of Fact and Conclusions of Law from the District Court's October 25, 2018 order

(the "FFCL").  No separate order entitled "Permanent Injunction" was issued, see Buckingham Corp. v. Karp, 762 F.2d 257, 260 (2d Cir. 1985) ("[T]he terms of the injunction ordered by the district court are not entirely clear.  It does not appear that there was a separate document that set forth the terms of the injunctive order, and we are left to draw inferences from statements in other documents."); see also Goldic Elec. Inc. v. Loto Corp. U.S.A., 27 F. App'x 71, 74 (2d Cir. 2001), and the Appellants have not acquiesced to the extrinsic reference to the FFCL, see Perfect Fit Indus., Inc. v. Acme Quilting Co., 646 F.2d 800, 809 (2d Cir. 1981); see also Eyewonder, Inc., 293 F. App'x at 280.  Although we have little doubt that the enjoined parties in this long-running case are fully on notice of the trade secrets and other confidential information that is the subject of the injunction, the better practice is for the District Court to enter its permanent injunction in a separate document that meets the requirements of Rule 65(d).  The District Court may accomplish this by, among other means, clearly and fully listing the conduct and acts to be restrained, as it did at a minimum in the FFCL, the form of which the Appellants did not challenge under Rule 65, and the reasons therefor, and also clearly identifying the order as a permanent injunction.  We therefore

remand yet again pursuant to <u>United States v. Jacobson</u>, 15 F.3d 19, 21–22 (2d Cir. 1994), to permit the District Court to correct the form of the permanent injunction.  Given the passage of time in this case, the District Court should do so expeditiously.  Otherwise, we affirm in all respects.

We have considered the Appellants' remaining arguments and conclude that they are without merit.  For the foregoing reasons, the appeal is DISMISSED insofar as it challenges the District Court's grant of a preliminary injunction, and the judgment of the District Court is AFFIRMED in part and REMANDED in part to the District Court pursuant to <u>United States v. Jacobson</u> to correct the form of the permanent injunction consistent with this order and Rule 65.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court